**SEDGWICK LLP**
Valerie D. Rojas (State Bar No. 180041)
*valerie.rojas@sedgwicklaw.com*
Andrea Giovannone (State Bar No. 287358)
*andrea.giovannone@sedgwicklaw.com*
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Telephone: 213.426.6900
Facsimile: 877.547.6580

Attorneys for Defendant STATE FARM
GENERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JOHN R. FUCHS, an individual, and
ROBYN R. FUCHS, an individual;

    Plaintiffs,

    v.

STATE FARM GENERAL
INSURANCE COMPANY, an Illinois
corporation; and Does 1 through 50,
Inclusive,

    Defendants.

**CASE NO. 2:16-cv-01844-BRO-GJS**

**[State Court Case No. SC125394, Filed February 11, 2016]**

**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF JOHN R. FUCHS, ROBYN FUCHS, MICKEY LEE, AND PLAINTIFFS' EXHIBITS FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO STATE FARM'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

[Filed Concurrently with Reply to Plaintiffs' Opposition to State Farm's Motion; and Reply to Plaintiffs' Opposition to State Farm's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion]

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant State Farm General Insurance Company ("State Farm") hereby submits the following evidentiary objections to, and request to strike, portions of the Declarations of John R. Fuchs, Robyn Fuchs, Mickey Lee, and Exhibit filed in support of Plaintiffs John Fuchs and Robyn Fuchs' ("Plaintiffs") Opposition to State Farm's Motion For Summary Judgment, or in the Alternative, Partial Summary Judgment as set forth below:

**DECLARATION OF JOHN FUCHS AND STATE FARM'S OBJECTIONS**

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| 1. | This is an action for breach of contract and bad faith, by my wife Robyn and me, as Plaintiffs, as homeowners and as insureds, against Defendant State Farm General Insurance Company ("State Farm"), our insurer on our Homeowner's Policy (the "Policy"), arising out of massive water damage to our Residence in Pacific Palisades (the "Residence"), that occurred on July 27, 2015, when the water supply hose to a second-floor toilet suddenly burst, as a result of the failure of a pressure regulator outside the Residence. After State Farm accepted responsibility for the water damage to our real and personal property, resulting from the sudden and accidental failure of the | 1. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 15, 16, 17, 21, 23, 24, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's Motion for Summary Judgment ("MSJ").  In addition, John Fuchs lacks personal knowledge of these statements and/or documents.  Fed. R. Evid. 602. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | toilet hose, it paid about $64,000 to us, according to my records, plus about $5,000 to one of our repair contractors, for reasons that were never explained to us, from September 2015 through early January of this year. | | |
| 2. | Beginning last December, however, State Farm ceased communicating with us and refused to either pay or deny multiple additional claims. We therefore filed this action in state court in February, which State Farm immediately removed to this Court. By this Motion for Summary Judgment or Partial Summary Judgment on the breach of contract claim, my wife and I seek recovery of $262,229.13, for the eight additional claims resulting from the water damage to real and personal property. | 2. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 15, 16, 17, 21, 23, 24, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents. Fed. R. Evid. 602. |
| 3. | After my wife and I built a 5,300 square foot five-bedroom four and a half bathroom Residence in Pacific Palisades, with a six-car garage, in 1990 and 1991, we obtained | 3. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | Homeowners Insurance from State Farm, that has been in force ever since (the "Policy"), with the latest renewal in mid-July 2015, with premiums of $6,000 or more per year. | | Exhibits 2, 3, 15, 16, 17, 21, 23, 24, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and these statements are irrelevant.  Fed. R. Evid. 602 and 402. |
| 4. | On July 27, 2015, my wife came home shortly after Noon, and upon entering the Residence, she heard loud noises and observed water pouring down through the ceilings from the second floor and water on the first floor that was several inches deep. She discovered that a water supply hose to a toilet in the upstairs bathroom had burst, causing water to flow at high pressure out of the burst hose, and she observed water several inches deep on a substantial portion of the second floor. After shutting off the flow with the shut-off valve under the toilet, she | 4. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents.  Fed. R. Evid. 602. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | immediately called our regular plumber, Mark McEwan ("McEwan") of Mosser Plumbing, who arrived within the hour and determined that the pressure regulator outside the Residence, that was designed to reduce the water pressure from 200 psi at the street to 80 psi in the Residence, had failed and was allowing water into the Residence at 150 psi, which caused the toilet hose to burst. McEwan shut off the water at the street, replaced the pressure regulator, replaced the burst hose, tested all of the other toilet hoses in the Residence and replaced another one that appeared to be about to burst. I came home shortly after McEwan arrived, and I personally discussed all of the foregoing with him. | | |
| 5. | I immediately called our State Farm agent, Festa Insurance in the Palisades, and as instructed by Mr. Festa's office, I filed a claim telephonically with State Farm, for the water damage to our real and personal property resulting from | 5. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | the flood (the "Flood"), and I contacted Rainbow Restorations ("Rainbow"), a company that Festa's office told me was experienced in the removal of flood water and water-damaged property. Rainbow arrived that afternoon and began the process of vacuuming up several inches of water on the first and second floors and inspecting the Residence for damage with a moisture meter. | | Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and these statements are irrelevant. Fed. R. Evid. 602 and 402. |
| 6. | I also called Gary Silverston, the general contractor who built our Residence, and asked him to come to our house and advise us on the appropriate course of action, which he did. At his instruction, and based on his experience that mold can form immediately after a flood, my wife contacted Mold USA, which tested for and discovered the presence of mold resulting from the massive amounts of water inside the ceilings, walls, carpets, floors and subfloors and instructed us not to do any more demolition of the | 6. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence. Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and these statements are irrelevant. Fed. R. Evid. 602 and 402. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | damaged property until the mold was remediated, to prevent the mold from circulating throughout the Residence. My wife soon became uncomfortable with Rainbow, because its employees were not properly protecting the hardwood floors and other property, while removing the Flood water and damaged property, so we terminated Rainbow in early August. | | |
| 7. | On July 28th, the day after the Flood, a representative of State Farm, Michael Shinovich ("Shinovich"), arrived for an "inspection" of the damage. Shinovich spent less than two hours at the Residence, most of which time was spent measuring the damaged areas of the Residence and making sketches of the damaged area, most of which as prepared by State Farm are inaccurate, rather than actually conducting an "inspection." However, Shinovich immediately determined that the damage to our real and personal property was a covered loss, but he | 7. | State Farm objects in that John Fuchs' statements lack foundation, are hearsay, and misstate the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 8, 14, 15, 21, and 30 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents given that John testified in his deposition that he was not present for the inspection, and |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| | never inspected the laundry room, which was later discovered to have significant water damage, even though the laundry room is almost directly below the second floor bathroom where the Flood started, and Shinovich never mentioned the possibility that mold might have begun to form as a result of the Flood. See Deposition of Michael Shinovich ("Shinovich Depo."), Exhibit 1 hereto, pp. 9, 11, 23, 30, 31, 35 and 57. | these statements are irrelevant. Fed. R. Evid. 402 and 602.<br><br>State Farm objects to Exhibit 1 in that it misstates the content of the testimony and does not support Plaintiff's evidence. |
| 8. | Also, despite the hardwood in the bar area having been flooded and obviously requiring replacement, and despite literally inches of water having saturated the carpets, padding and subfloors that were directly adjacent to other areas of hardwood in the Residence, Shinovich admitted in his deposition that he never inspected the other areas with hardwood, to determine if the flood waters and extreme moisture in the air, had caused "cupping" or other damage to the rest | 8. State Farm objects in that John Fuchs' statements lack foundation, are hearsay, and misstate the evidence. Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 10, 14, and 30 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and these statements are irrelevant. Fed. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| | of the hardwood flooring, that would require that all of the hardwood be sanded and refinished. See Shinovich Depo., pp. 46, 47 and 49. | R. Evid. 402 and 602.<br><br>State Farm objects to Exhibit 1 in that it misstates the content of the testimony and does not support Plaintiff's evidence. |
| 9. | I also learned in Shinovich's deposition that I took on November 15th , after he failed to appear for a properly-noticed deposition in October, that (1) He was not employed by State Farm but was actually employed by a separate entity to which State Farm had outsourced the task of inspecting the damage to our Residence; (2) He was not a licensed claims adjuster and was referred to by State Farm as a "claims handler;" and (3) His maximum authority was for claims of $10,000 of less, but he was nonetheless sent by State Farm to our Residence, even though State Farm clearly knew, as a result of the claim I filed on July 27th , that the damage to our real and personal property was "a larger loss." Thus, Shinovich was | 9. | State Farm objects in that John Fuchs' statements lack foundation, are hearsay, and misstate the evidence. Fed. R. Evid. 802 and 901; see also Exhibits 3 and 14 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations. Fed. R. Evid. 602 and 901. Lastly, Plaintiffs' mischaracterizations are irrelevant. Fed. R. Evid. 402. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | clearly not qualified to "handle" our claim, and had I known these facts, which were never disclosed to us, I would have rejected Shinovich as the claims handler and demanded that State Farm send a licensed claims adjuster employed by State Farm with authority for the likely size of our claim. See Shinovich Depo., pp. 9, 11, 20, 30, 31, 35, 46, 49, 57 and 75. | | State Farm objects to Exhibit 1 in that it misstates the content of the testimony and does not support Plaintiff's evidence. |
| 10. | Because the contractor we were instructed by State Farm to hire, Service Masters, could not match the Canadian Maple flooring in the bar that had been inundated with water, we were referred to a flooring contractor, Mickey Lee ("Lee") of Allbright Window and Floor Coverings ("Allbright"), who not only was able to replace the bar floor with the exact same Canadian Maple flooring, but who also conducted a thorough inspection of all of the hardwood on the first floor of the Residence. As set forth in his declaration filed with our | 10. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| Motion for Summary Judgment and filed again herewith, and as he testified in his deposition I attended on November 14th, and based on many years of experience in repairing and refinishing hardwood floors, Lee concluded that the existing hardwood floor was "cupped," as a result of the flood, meaning that the edges of each board were raised, creating an uneven surface that would have to be sanded to restore it to its pre-Flood condition. In addition, Lee concluded that because the color and finish on the new floor would not match the color and finish of the existing floor, all of the hardwood floor on the first floor had to be sanded and varnished. Lee advised us that we would have to move out of our Residence for at least four days, and we would have to board our cats, particularly because the toxic fumes generated by the application of three coats of varnish would make the entire Residence uninhabitable. See | | provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| Declaration of Mickey Lee, filed herewith, in the same form as was filed in support of Plaintiffs' Motion for Summary Judgment, at ¶¶ 2-6. | | |
| 11. Following the receipt of Allbright's estimate, I paid the deposit requested of $3,433.50, and on December 13, 2015, I wrote to State Farm and advised them of Lee's conclusions that all of the hardwood floors were cupped and had to be refinished, and I attached with that letter, a copy of Allbright's Estimate of the cost for refinishing all of the floors. I also advised State Farm in that December letter that the refinishing work was likely to be done in January, and that we expected to incur Alternative Living Expenses for the several days that we would be required to vacate our Residence, because of the toxic fumes from the polyurethane and because most of the Residence would be sealed off with plastic sheeting and therefore uninhabitable. Attached hereto as | 11. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, and 25 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.<br><br>State Farm objects to Exhibit 2 |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | Exhibit 2 is a true and correct copy of my December 13th letter to State Farm regarding the costs to repair and restore the hardwood floors. | | in that it lacks foundation, is hearsay, and is improper opinion evidence. Fed. R. Evid. 802, 901, and 701. |
| 12. | Despite having been informed that the rest of the hardwood floors on the first floor was cupped, and despite having more than a month to inspect the rest of the hardwood floors for the cupping damage that required refinishing, no one from State Farm returned to our Residence to conduct an inspection of the hardwood floors. In October, "claims handler" Andrew Meyer inspected the damage to the laundry room that Shinovich had never inspected, and State Farm now asserts that it made a payment to Plaintiffs for the repair of the laundry room. However, State Farm has never produced any evidence stating that this was a laundry room repair payment, nor has State Farm produced any evidence of the manner in which this | 12. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 32, 33, and 34 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no |

| EVIDENCE | BASIS FOR OBJECTION |
|---|---|
| amount was calculated. Moreover, no one from State Farm ever returned to the Residence, to inspect the progress of the demolition and reconstruction work, to inspect the shear wall that was repaired, to inspect the damaged personal property, to inspect the replacement furniture that was delivered and installed in June or July 2016, which was well within the two-year period specified in the Policy for us as insureds to replace the damaged personal property, to inspect the water heater that failed and was replaced, or to inspect the television and electronics that were destroyed. | evidence to support Plaintiff's assumptions and baseless accusations.  As Plaintiff testified in his deposition, he was not present during the October inspection of his residence. Fed. R. Evid. 602 and 901. |
| 13. Thus, based on the actual facts as set forth herein and in Robyn's Declaration and in Mickey Lee's Declaration, it should be clear that State Farm's assertion in its Motion that it conducted an "inspection" of the areas damaged by the Flood, and particularly that it determined that the balance of the hardwood floors other | 13. State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, 13, 15, 16, 17, 21, 23, 24, 26, 27, and 28 to the Declaration of Michael Shinovich filed in support of |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | than in the bar, were "undamaged," is pure fiction. Therefore, our claim for $5,419.73 for additional costs for the repair and refinishing of the hardwood floors, plus $1,500 for work by Scharff Construction, to replace a portion of the damaged shear wall, and our claim submitted in February for $3,904.79, for Alternative Living Expenses, for the four days that we were required to vacate our Residence when the hardwood floors were being refinished, are absolutely legitimate claims under the Policy, both of which State Farm has refused in bad faith, to pay or deny. Attached hereto as Exhibit 3 is a true and correct copy of my letter dated February 5, 2016, by which we filed a claim for the Alternative Living Expenses, but without all of the receipts that were attached to this letter when it was sent to State Farm. | | State Farm's MSJ; Exhibits 33 and 34 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.

State Farm objects to Exhibit 3 in that it lacks foundation, is hearsay, lacks personal knowledge, and is improper opinion evidence. Fed. R. Evid. 802, 901, 602, and 701. |
| 14. | After MoldUSA discovered the presence of mold resulting from the flood, it recommended CKJ | 14. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| Environmental ("CKJ") as the only company it would trust to remediate the mold. At our request, CKJ provided a bid for the mold remediation, based on MoldUSA's report, agreeing to do the work for $14,186, in 10 to 12 days total. I provided a copy of CKJ's bid to Tim Cross ("Cross") at State Farm, the first data entry clerk assigned to our claim. Cross, who admitted in his deposition that I took on November 15th, that he was not employed by State Farm, that he had two days of training before becoming a "claims handler" for State Farm, that he had no training or experience in construction, and that his limit of claims authority was $10,000, refused to approve CKJ's bid, advising me that it was "too high," and then instructing me to hire Service Masters to do the mold remediation, because Service Masters would do the work for substantially less. See Deposition of Tim Cross, Exhibit 4 thereto, at pp. 7, 8, 16, 17, 22 and 76. | | misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no admissible evidence of these alleged statements or denials made by State Farm's claim representative.  Fed. R. Evid. 602 and 901.

State Farm objects to Exhibit 4 in that it misstates the content of the testimony and does not support Plaintiff's evidence. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| 15. | However, it took Service Masters twice as long as it would have taken CKJ to do the same work, so we were forced to live in an uninhabitable Residence for the entire month of August 2015, because no one at State Farm ever advised us that we were entitled to move out while the remediation and construction work was being performed, and to be paid Alternative Living Expenses under Coverage C of the Policy. Attached hereto as Exhibit 5 is a true and correct copy of CKJ's bid for mold remediation, for $14,186. | 15. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.<br><br>State Farm objects to Exhibit 5 in that it is irrelevant, lacks foundation, is hearsay, and lacks personal knowledge. Fed. R. Evid. 401, 802, 901, and 602. |
| 16. | In addition, Cross never advised us to test for mold, but when it was discovered, he advised me that the | 16. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| Policy had a mold limit of $5,000, so State Farm would only pay $5,000 for all of the mold testing and remediation, and the amount over $5,000 in Service Masters charge of $8,242.35 for the remediation, plus the $1,675 for the mold testing by MoldUSA, would have to be paid by us. I later learned, however, from a review of relevant case law, that Cross had intentionally misrepresented the terms of the Policy, because State Farm's Operation Guide, which Cross admitted he has on his computer, because the Operations Guide states: "If the mold is the result of the loss, rather than the cause of it, coverage must be analyzed for the event that caused the mold. If the most important proximate cause of the loss is covered, mold resulting from the covered event is also covered." Accordingly, State Farm's misrepresentation of the terms of the Policy was done in bad faith, and we are entitled to be paid the balance of | | misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 7, and 15 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of these alleged statements or denials made by State Farm's claim representative.  Fed. R. Evid. 602 and 901.  These statements allegedly taken from some operation guide at one time possibly related to State Farm are also irrelevant.  Fed. R. Evid. 402. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| | the cost for mold testing and remediation, which is $4,917.31. | |
| 17. | In late September, we discovered that our 100-gallon water heater located in the garage, had suddenly failed and was leaking all over the garage floor. Since there had been no problem with the water heater until the over-pressure situation was discovered, we believe that the sudden failure was a direct result of the failed pressure regulator and over-pressure situation that caused the initial water damage on July 27th . However, because of code changes, a 100-gallon water heater would no longer fit in the existing space without several days of additional construction, so we reluctantly agreed to a the installation of a 75-gallon water heater. In addition to the replacement of the failed water heater, the water heater leaks had caused drywall damage around the water heater, so extensive repairs had to be made to the drywall and to the raised pedestal on which the | 17. State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 6, 14, 18, 22, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, admissions, or denials made by State Farm's claim representatives.  Fed. R. Evid. 602 and 901. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | water heater was located, before a new water heater could be installed. | | |
| 18. | In October 2015, after Cross was "reassigned," I orally advised the new State Farm data entry clerk, Normando Barron ("Barron"), purporting to be a "claims handler," that we would be filing a claim for replacing the water heater and repairing the damaged drywall, and by letter dated February 13, 2016, to Barron, we filed a formal claim for the $5,239.35 cost of replacing the water heater and repairing the drywall damage, which claim has never been denied in writing. That claim was presented again, this time in a letter dated August 26, 2016, to counsel for State Farm. However, Barron orally advised me that State Farm would not pay this claim, because the water heater failed due to "corrosion," which, conveniently for State Farm, is an exclusion in the Policy. However, State Farm has no admissible evidence of corrosion, and | 18. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 16, 22, and 30 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.<br><br>State Farm objects to Exhibit 6 in that it lacks foundation, is hearsay, lacks personal knowledge, and is improper opinion evidence. Fed. R. Evid. 802, 901, 602, and 701. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | in fact, the admissible evidence is directly contrary to that assertion. Attached hereto as Exhibit 6 is a true and correct copy of my August 26, 2016 letter to counsel, which attaches my February 13th letter, regarding the claim for costs related to the water heater failure. | | |
| 19. | Specifically, representatives of Mosser Plumbing told me that there was no corrosion on the water heater, let alone corrosion that could have caused the failure. In addition, two of the plumbers from Mosser who removed and replaced the water heater, Mark McEwan and Robert Coyle, testified in their depositions taken by State Farm on November 16th, that I attended, that there was no evidence of corrosion on the failed water heater and that the water heater cracked internally, causing it to leak. Both also testified that the over-pressure situation was a possible cause of the failure. | 19. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 16, 22, and 30 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents.  Fed. R. Evid. 602. |
| 20. | Thus, the assertion by State Farm made | 20. | State Farm objects in that John |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | throughout its Motion, that the water heater failed due to "corrosion" has absolutely been fabricated by State Farm's data entry clerk Barron, in an obvious effort to fraudulently create a basis to orally deny this claim. Interestingly, however, State Farm has never actually denied this claim in writing, as required by law. Also interestingly, Mosser is the third subcontractor we hired, along with Allbright and Scharff, plus a fourth, CKJ, that we were not permitted to hire, whose charges State Farm has refused to pay. Accordingly, our claim for $5,239.35 is an absolutely legitimate claim under the Policy, which State Farm has refused in bad faith, to pay or deny. | | Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 15, 16, 17, 22, and 30 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |
| 21. | As admitted in State Farm's Motion, and as stated in State Farm's letter to us dated September 18, 2015, admitting that the damage to personal property was a covered loss, we are entitled to be paid ACV for damaged | 21. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 5, 11, 13, 15, 16, |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | personal property, and we are then entitled to be paid the actual cost when the property is replaced, less the ACV previously paid. See the Policy, Coverage B, at pp. 4 and 13. In August and September 2015, we submitted a list of damaged or destroyed personal property that included a large three-piece custom sectional sofa, a custom coffee table, an overstuffed chair and four decorative pillows. In October, we selected the fabrics and ordered new furniture, pillows and draperies from Victoria Montana ("Montana"), an interior designer experienced in doing complete interiors in multi-million dollar residences, and in December, Montana provided Invoices for the items she purchased for us. | | 17, 21, 23, 24, 26, 27, and 29 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 32 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |
| 22. | Trinese Green ("Green"), the person at State Farm handling our personal property claim, admitted in her deposition that I took on November 9th, that she is not a claims handler but is a "claims associate," and that she | 22. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, and 13 to the |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | had only been a claims associate for one year as of July 27th, when our claim was made for personal property damage. She testified that she has authority to write checks up to $20,000, but if the total claim is more than $20,000, such as our claim here for personal property damage in excess of $100,000, any payment has to be approved by her manager. See Deposition of Trinese Green, Exhibit 7 hereto, at pp. 9, 16, 18, 20, 26, 33 and 36 ("Green Depo."). | | Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. <br><br> State Farm objects to Exhibit 7 in that it is irrelevant, lacks personal knowledge and is based upon hearsay. Fed. R. Evid. 401, 602, and 901. Further it misstates the content of the testimony and does not support Plaintiff's evidence. |
| 23. | Green also admitted that she is really a data entry clerk, because she testified that her job is to enter the date from the lists of destroyed or damaged personal property submitted by the insured, into State Farm's personal property | 23. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 5, 11, 12, and 13 |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | estimating software, known as "Xactcontents," which then spits out an Actual Cash Value ("ACV") figure based solely on the data inputted, that is to be paid to the insured and then deducted from the cost of the replacement property, when the insured actually replaces the destroyed property. State Farm asserts that Green "evaluated" the items on the damaged property lists we provided or conducted research to determine the replacement costs, but she testified in her deposition that she simply inputs the estimates we provided, that the computer determined the price and replacement cost and that the computer determined the depreciation based on the age and condition she inputs. Green Depo., at pp. 9, 16, 18, 20, 26, 33 and 36. | | to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. State Farm objects to Exhibit 7 in that it is irrelevant, lacks personal knowledge and is based upon hearsay. Fed. R. Evid. 401, 602, and 901. Further it misstates the content of the testimony and does not support Plaintiff's evidence. |
| 24. | In the case of our large custom-made sectional sofa that my wife incorrectly valued at $6,000, when the actual value was closer to $21,000, Green priced a | 24. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| replacement sofa at about $6,000, but she did so not by contacting a custom furniture manufacturer to obtain the cost of a large custom sectional sofa, but instead by going on an internet furniture source, Wayfair, from which Green chose a one-piece pre-manufactured sofa that is in no way comparable to our much larger and far more expensive custom sectional sofa. In fact, the sofa Green selected as a suitable replacement is completely wrong in style, size and color and is perhaps the ugliest sofa on the planet. Attached hereto as Exhibit 8 is a true and correct photo of our custom sofa taken a year before the Flood, attached hereto as Exhibit 9 is a true and correct copy from Wayfair's website of the truly-ugly and smaller Ancona pre-manufactured sofa from Wayfair selected by Green as being a comparable replacement sofa, and attached hereto as Exhibit 10 is a true and correct photo of the replacement | | Evid. 802 and 901; see also Exhibits 2, 3, 5, 11, 12, 13, 15, 16, 17, 21, 23, 24, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  State Farm objects to Exhibit 8, 9, and 10 in that they are irrelevant and lack foundation. Fed. R. Evid. 401 and 802. In addition, these photographs were never produced by Plaintiff during discovery, have no identifying information, and cannot be properly authenticated. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | sofa, pillows and cocktail table that were delivered and installed in our Family Room in July 2016. | | |
| 25. | Green testified that in "evaluating" our damaged furniture, she looked at photos allegedly taken by Shinovich when he conducted his "inspection" on July 28th, and that those photos were "in the file," but no such photos have ever been produced by State Farm. Moreover, Green unilaterally and in bad faith designated all of our damaged furniture as being in "average condition," without seeking further information from us, because by doing so, she was fraudulently able to reduce State Farm's payment of ACV due to us by 40%. Green also testified in her deposition in November 2016, that the costs of more than $5,000 for Rainbow to pack out our undamaged personal property and remove and store it while the remediation and reconstruction was being done, is considered by State Farm's Xactcontents software to be | 25. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 11, 12, 13, 15, 16, 17, 21, 23, 26, 27, and 29 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibit 32 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence. Fed. R. Evid. 701. |

84031448v1

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | payment for damaged personal property, because it constitutes "manipulation" of our personal property and therefore was deducted from the costs payable to us for replacement of our damaged personal property. Green Depo., pp. 38, 39 and 46-53. | | State Farm objects to Exhibit 7 in that it is irrelevant, lacks personal knowledge and is based upon hearsay. Fed. R. Evid. 401, 602, and 901. Further it misstates the content of the testimony and does not support Plaintiff's evidence. |
| 26. | Montana also testified in her deposition on November 22nd, in which I defended Montana, that my wife drastically undervalued many of our items of personal property on the lists we provided, probably because she was under extreme stress from the Flood and the extensive water damage. Montana then testified that the large custom sectional sofa destroyed by the Flood, that my wife's valuation of $6,000, was the value of the fabric for the sofa, and that the actual value of the entire custom sofa was about the same as the cost of the replacement sofa, which is $21,000. | 26. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 11, 12, 13, 15, 16, 17, 21, 23, 26, 27, and 29 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibit 32 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | | | evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence. Fed. R. Evid. 701. |
| 27. | By a letter to State Farm dated February 7, 2016, enclosing Montana's Invoices, we advised Green of the nine items we purchased from Montana to replace the damaged property, for a total cost of $44,170.07. In that letter, we requested payment of $41,030.87, reflecting the purchase price of the replacement furniture, less the ACV of $3,139.20 previously paid by State Farm for these items. Green testified that she does not remember my February 7th letter, and she has no idea why the $41,170.07, reflecting replacement costs for the damaged furniture and other items, has not been paid.  In accordance with the provisions of the Policy requiring us to make the damaged property available | 27. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 11, 12, 13, 15, 16, 17, 21, 23, 26, 27, and 29 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibit 32 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | for inspection by State Farm, we patiently waited for a State Farm claims handler to return to our Residence to inspect the damaged property, but no one ever came. We then attempted to obtain a tax deduction for donating the sofa and chair to a charity, but upon inspection by the charity, it determined that the furniture was so seriously damaged that it would not accept the donation. Green Depo., pp. 57 and 62-67. | | and 901.  Further, it constitutes improper opinion evidence. Fed. R. Evid. 701. <br><br> State Farm objects to Exhibit 7 in that it is irrelevant, lacks personal knowledge and is based upon hearsay. Fed. R. Evid. 401, 602, and 901. Further it misstates the content of the testimony and does not support Plaintiff's evidence. |
| 28. | My February 7th letter constituted yet another claim that was ignored by State Farm, and because of the absence of any communication from State Farm since December, regarding our multiple claims filed between October and February, we had no choice but to file this action on February 11th, which State Farm immediately removed to this Court. Six months later, in a letter dated August 23, 2016, following the unsuccessful mediation, I reiterated our claim for $41,030.87, for the | 28. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 11, 12, 13, 15, 16, 17, 21, 23, 26, 27, and 29 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibit 32 and 33 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ. In addition, |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | replacement furniture and other items, and I advised State Farm that all of the replacement furniture and pillows had been paid for months ago and had been "delivered at least a month ago." Attached hereto as Exhibit 11 is a true and correct copy of my August 23, 2016 letter, to which I attached my February 7th letter.  Even though State Farm is required to pay legitimate claims notwithstanding ongoing litigation, State Farm has neither paid nor denied this claim. Most interestingly, in its own Summary of Loss, SF 1024-25, State Farm admits that the "Total Coverage" for Coverage B in the Policy is $47,138.41, and it admits that it has only paid us $19,160.17 under Coverage B. Thus, based on its own admissions, State Farm has unilaterally and in bad faith refused to pay us at least $27,978.24 that it admits is due to us under Coverage B in the Policy. | | John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701.<br><br>State Farm objects to Exhibit 11 in that it lacks foundation, is hearsay, lacks personal knowledge, and is improper opinion evidence. Fed. R. Evid. 802, 901, 602, and 701. |
| 29. | Accordingly, we submit that by | 29. | State Farm objects in that John |

84031448v1

| EVIDENCE | | BASIS FOR OBJECTION |
| --- | --- | --- |
| actually purchasing and installing the replacement personal property, we have fully complied with the provisions of the Policy, and that State Farm therefore has no defense to its unilateral and bad faith refusal to pay us $41,030.87 due to us under Coverage B. Thus, Montana is the fifth contractor or vendor we hired whose charges State Farm has refused to pay. | | Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6,7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 21, 23, 24, 25, 26, 27, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 32, 33, and 34 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence. Fed. R. Evid. 701. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| 30. | As was no doubt observed by Shinovich on his two visits to our Residence, our Family Room, which was the most-used room in our house, contained the majority of the personal property that was seriously damaged or destroyed. Because that room is almost directly under the second-floor bathroom where the flood started, the water that literally cascaded through the Family Room ceiling for several hours, destroyed the 70-inch television and all of the related electronics located in that room, including amplifiers, receivers, a DVD player, a multiple CD player, a video-tape player, a cassette tape player, a record player, in-wall surround-sound speakers and a music speaker selection system for distributing sound to speakers located throughout the house. Other property in the Family Room that was damaged or destroyed were dozens of music CD's, dozens of video tapes, dozens of books, including | 30. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see Exhibits 2, 3, 5, 11, 12, 13, 16, 17, and 21 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 31 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, or denials made by State Farm's claim representative or by Plaintiffs. Fed. R. Evid. 602 and 901. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | expensive "coffee-table" books, and several photo albums. | | |
| 31. | Immediately after the Flood, Service Masters contacted Kamran Home Theater ("KHT"), to inspect and assess the damage to our TV and electronics, and its owner tested the electronics and advised me that all of them, including the television, had been so inundated with water that they were beyond repair and would never function properly again. However, because it took months for Service Masters to complete the reconstruction of the damaged walls and ceilings, then more time for the new flooring and carpeting to be installed, and then more time, until February, for the hardwood floors to be sanded and refinished, I was unable to meet with the owner of KHT until April or May 2016, at which time he again examined all the destroyed electronic components and prepared an estimate for us, for a replacement television and replacement electronics | 31. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see Exhibits 2, 3, 5, 11, 12, 13, 16, 17, and 21 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibit 31 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, or denials made by State Farm's claim representative or by Plaintiffs. Fed. R. Evid. 602 and 901.

State Farm objects to Exhibit 12 in that it lacks foundation, is |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | of like kind and quality to the ones that were destroyed. The KHT Estimate valued the replacement of the destroyed TV and electronics at $48,629.83, which estimate I provided to State Farm in or about June 2016 and again by a letter dated August 29, 2016, a true and correct copy of which is attached hereto as Exhibit 12. | | hearsay, lacks personal knowledge, and is improper opinion evidence. Fed. R. Evid. 802, 901, 602, and 701. |
| 32. | Again, State Farm has neither paid nor denied this claim, but by this Motion, State Farm asserts for the first time that the Estimate includes items never reported as damaged. Our response to that assertion is that because some of the damaged electronics, which data entry clerk Green unilaterally designated as in "average condition," even though they were all in perfect condition prior to the Flood, are 15 or more years old, it is impossible for us to replace our electronics with the exact same models, because these models are no longer being manufactured. Thus, because of | 32. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see Exhibits 2, 3, 5, 11, 12, 13, 16, 17, and 21 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibit 31 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | advances in technology, the estimate for replacement of our entire entertainment system of necessity included newer technology not available when the original models were purchased, and it does not include some items, such as a turntable for record albums, that we have decided not to replace. All of the replacement items on the estimate, however, are of like kind and quality to the ones that were destroyed. | | statements, claims, or denials made by State Farm's claim representative or by Plaintiffs. Fed. R. Evid. 602 and 901. |
| 33. | We have not yet replaced our TV and electronics, as the Policy purports to require us to do, because we simply do not have the funds to do so, having already paid or incurred more than $75,000 in costs resulting from the Flood that State Farm has refused to pay. We nonetheless submit that this claim for $48,629.83 should have been paid by State Farm, because the purpose of insurance is to pay the damages resulting from a covered loss and not to force the insured to purchase | 33. | State Farm objects in that John Fuchs' statements lack foundation, are hearsay, and misstate the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 5, 11, 12, 13, 16, 17, and 21 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibit 31 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ.  In addition, John Fuchs |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | replacement property to meet the conditions of the Policy. | | lacks personal knowledge of these statements, and these opinion statements are irrelevant.  Fed. R. Evid. 402 and 602. |
| 34. | Soon after Service Masters' agreed to perform the demolition and reconstruction for the low-ball amount of $27,000 calculated by State Farm's software, Xactimate, using the measurements of the damaged areas from Shinovich, we realized that this amount provided by State Farm only included $2,700 for overhead, which cannot constitute the cost of a construction supervisor for four months. This realization was based on the fact that when we were building our Residence in 1990 and 1991, there was a construction supervisor on site at least four hours a day, and often for the full day, to read the plans, answer questions, schedule the subcontractors and workers, and otherwise direct the progress of the work. In the case of | 34. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 7, 14, 15, 16, 17, and 18 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of these alleged statements or denials made by State Farm's claim representative.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | Service Masters, there simply was no supervision, as its laborers were generally dropped off at the Residence in the morning with little or no instructions regarding the work for each day, and picked up in the afternoon. | | |
| 35. | Thus, because my wife was not employed at the time, and because I was in a jury trial at the time of the Flood, my wife had no choice but to remain in the Residence to direct the workers, answer questions and otherwise provide the construction supervision that Service Masters was not being paid by State Farm to perform. She started keeping a log of her time and the work being done, simply to keep track of the progress. In addition, we became aware of multiple mistakes that were made because of the lack of supervision by Service Masters, so she had to be present to ensure that the Residence was properly restored to its pre-Flood condition. See also Robyn | 35. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 6, 14, 15, 16, 17, 18, 21, 23, 24, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, John Fuchs lacks personal knowledge of these statements |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | Decl., ¶¶ 17-20. | | and/or documents, and has provided no evidence of any alleged statements, claims, admissions, or denials made by State Farm's claim representatives.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701. |
| 36. | Then, in October, when the claims handler identified in State Farm's claim notes as Andrew Meyer ("Meyer"), came to our Residence to inspect the laundry room damage that both Rainbow and Service Masters had never discovered, my wife advised Meyer of the enormous amount of time she was spending for construction supervision, because Service Masters rarely had anyone on site to supervise. Meyer responded by specifically instructing my wife to prepare documentation for her time and to submit a claim for her time to State Farm, which we have now done.  See | 36. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 6, 14, 15, 16, 17, 18, 21, 23, 24, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | also Robyn Decl., ¶¶ 17-20. | | John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, admissions, or denials made by State Farm's claim representatives.  Fed. R. Evid. 602 and 901. |
| 37. | According to the documents my wife prepared and submitted to State Farm in October 2015, she was required to spend 319 hours of her time over a four month period, to supervise Service Masters' workers and subcontractors, which we valued at $75 per hour. In addition, I was required to spend 70 hours of my time supervising the work on the days when my wife was unavailable, which we valued at my rate as an attorney of $450 per hour, because I was unable to perform work for the clients of my law firm when I was at home supervising Service Masters' workers. Thus, the total claim | 37. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 6, 14, 15, 16, 17, 18, 21, 23, 24, 25, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibits 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | as set forth in the Complaint for construction supervision is $55,425. See Robyn Decl., ¶¶ 17-20 and Exhibits A, B and C thereto. | | provided no evidence of any alleged statements, claims, admissions, or denials made by State Farm's claim representatives.  Fed. R. Evid. 602 and 901. |
| 38. | State Farm's data entry clerk, Barron, orally advised me that Service Masters, and not State Farm, is obligated to pay us for the construction supervision, but State Farm has not denied this claim in writing nor has State Farm advised us of any exclusion in the Policy that bars us from recovering for this time spent doing the construction supervision that Service Masters was not doing and was not being paid by State Farm to do. However, because this amount of time was absolutely necessary for our Residence to be restored to its pre-Flood condition, we submit that we either should have been compensated by State Farm for this construction supervision, or State Farm should of advised us in writing of the reasons | 38. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 6, 7, 14, and 23 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, admissions, or denials made by State Farm's claim representatives.  Fed. R. Evid. 602 and 901. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | why this amount, or any other amount, is not recoverable. | | |
| 39. | In addition to the claims for the hardwood floors, the Alternative Living Expenses, the replacement furniture, the water heater, the laundry room, the construction supervision, the television and electronics, we also advised filed a claim for $100,000, representing additional costs from items that were not completed and for emotional distress. Also, as this case has dragged on, we continue to discover defective work, some of which we paid to repair and other of which still needs to be repaired. For example, we recently discovered that drywall installed a year ago by Service Masters' subcontractor, is cracking and needs to be repaired, there is electrical work remains unfinished, including a ceiling speaker that was never reinstalled and a carpenter had to be hired to open a cabinet door that had been improperly sealed by Service | 39. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, 13, 15, 16, 17, 21, 23, 24, 26, 27, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibits 32 and 33 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | Masters. | | |
| 40. | As to the emotional distress portion of that claim, anyone who has experienced the sort of massive and catastrophic Flood that we experienced, then had to live in a construction project for the better part of eight months, often with plastic sheeting sealing off numerous rooms in the house and otherwise making half of the house uninhabitable, and then had to deal with an insurer who simply stopped communicating with us and refused to pay or deny more than $150,000 in absolutely legitimate claims for covered losses, would easily understand the significant emotional distress suffered by my wife and me for an entire year or more, which has caused anxiety, mental anguish, sleeplessness and worry, as well as physical distress, that cannot be quantified. | 40. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 3, 6, 9, 14, and 18 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibit 37 and 38, RJN.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |
| 41. | As explained in our Opposition, emotional distress damages are | 41. | State Farm objects in that John Fuchs' statement lacks |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | recoverable where an insured suffers financial loss as a result of an insurer's failure or refusal in bad faith to pay benefits due under an insurance policy. We therefore submit that they have made a legitimate claim here for emotional distress damages, resulting from State Farm's abject refusal, in bad faith, to pay us more than $150,000 presently owed to us under Coverages A, B and C of our Policy. Moreover, on this Motion by State Farm, and as detailed above, we have quantified to the penny, seven of the eight pending claims submitted to State Farm over the past year, thereby entitling us to summary judgment on one or more of these claims. At a minimum, there are more than sufficient disputed issues of material facts, for State Farm's Motion to be denied. | | foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 3, 6, 9, 14, and 18 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; Exhibit 37 and 38, RJN.  In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |
| 42. | Based on well-established case law entitling an insured to recover bad faith damages and attorneys fees, where there are facts demonstrating that an | 42. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| insurer has failed or refused to pay benefits to an insured that are due under an insurance policy, we submit that there were numerous acts of the past year and a half that were oppressive and/or were done by State Farm's managerial employees in bad faith:<br><br>(A)  Assigning two "claims handlers," Cross and Shinovich, to our water damage claim, knowing that neither was a State Farm employee, without disclosing those facts to us;<br><br>(B) Assigning two "claims handlers," Cross and Shinovich, to our claim, knowing that each of them was limited to handling claims not exceeding $10,000, without disclosing those facts to us, when it was clear at the outset that the water damage to our real and personal property from the Flood would easily exceed $100,000;<br><br>(C) Instructing us to hire Service Masters for mold remediation, demolition and reconstruction, | | Evid. 802 and 901; see also Exhibits 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 24, 26, 27, 28, 29, 30 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 31, 32, 33, 34, and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; Exhibit 37 and 38, RJN. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| knowing that Service Masters would agree to perform the work for an unreasonably low amount, as calculated by State Farm's Xactimate software, which estimate did not include any amount to pay for a construction supervisor; <br><br> (D) Misrepresenting to us that the mold limitation in the Policy was $5,000, when that limit only applies where mold is the cause of the loss and not the result of the loss, thereby depriving us of $4,917.31 that is properly owed to us under the Policy; <br><br> (E) Refusing to approve the bid by CKJ of $14,186, to remediate the mold resulting from the Flood, stating that it was "too high," when it was actually only about $6,000 higher than the Service Masters' bid, an amount that is insignificant in comparison to the overall claim; <br><br> (F) Refusing to conduct an actual inspection of the hardwood floor, other than in the bar, and | | |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | fraudulently claiming to us and in this Motion that the rest of the floor was "undamaged" from the Flood, in a bad faith effort to justify the refusal to pay this claim;

　　　(G) Fraudulently claiming that we are not entitled to recover $3,904.79, for the Alternative Living Expenses due under Coverage C in the Policy, for the four days that we were required to vacate our Residence, based on the willfully false claim that the rest of the hardwood floors were "undamaged" and did not need to be sanded and refinished;

　　　(H) Refusing to conduct an actual inspection of the failed water heater, and fraudulently claiming to us and in this Motion that the water heater failed due to "corrosion," in a bad faith effort to justify the refusal to pay this claim, when there was and is no evidence that the water heater was corroded or that it failed due to corrosion; | | |

| EVIDENCE | | BASIS FOR OBJECTION |
| --- | --- | --- |
| (I) Assigned a claims associate with one year experience, to handle our personal property claim, knowing that he authority was limited to $20,000, when it was clear within the first month, based on the lists of damaged personal property we submitted, that the replacement costs of just the personal property damaged by the Flood, would exceed $100,000; <br><br> (J) Refusing to advise us that we had to provide evidence of the condition of our damaged personal property, and instead, ratifying Green's decision to assign "average" condition to virtually all of our personal property, because by doing so, State Farm fraudulently reduced the payment of ACV due to us by 40%; <br><br> (K) Refusing to pay us claim for $41,030.87, for the furniture and other replacement personal property that was actually purchased by us and installed in our home, as required by Coverage B, and despite an admission that State | | |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| Farm owes us at least $27,978.24 under Coverage B;<br><br>(L) Refusing to pay or deny in writing, with reasons for the denial, any of our eight claims over the past 14 months; and<br><br>(M) Refusing to consider our interests in being fully compensated for all of the water damage to our real and personal property, rather than considering only the interests of State Farm in paying as little as possible on this claim. | | |
| 43. | Again, based on the facts and evidence submitted herewith and with our Motion for Summary Judgment being heard concurrently with this Motion, we submit that because State Farm's claims handlers, team managers and other representatives acted with substantial discretionary authority in deciding whether to pay or deny our claims, there are more than sufficient facts, both disputed and undisputed, to demonstrate that managerial employees | 43. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 24, 26, 27, 28, 29, 30 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 31, 32, 33, 34, and 35 to the |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| of State Farm acted oppressively, fraudulently and/or maliciously, and therefore acted in bad faith. At a minimum, there are more than sufficient disputed issues of material facts on our second cause of action for breach of the covenant of good faith and fair dealing, for State Farm's Motion on the bad faith claim, to be denied. | | Declaration of Valerie Rojas filed in support of State Farm's MSJ; Exhibit 37 and 38, RJN. In addition, John Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701. |

## DECLARATION OF ROBYN FUCHS AND STATE FARM'S OBJECTIONS

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| 1. My husband and I filed this action against State Farm, as our insurer, as a result of massive water leak and water damage to our Residence, that occurred on July 27, 2015, when a second-floor toilet hose suddenly burst, as a result of the failure of a pressure regulator outside the Residence. | 1. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 15, 16, 17, 21, 23, 24, 26, 27, and 29 to the Declaration of Michael Shinovich filed in support of State Farm's Motion for Summary Judgment |

50

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| | | ("MSJ").  In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents.  Fed. R. Evid. 602. |
| 2. | Beginning last December, State Farm ceased communicating with us and refused to either pay or deny multiple additional claims. We therefore filed this action in state court in February, alleging claims for breach of contract and bad faith. | 2. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 15, 16, 17, 21, 23, 24, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents. Fed. R. Evid. 602. |
| 3. | My husband told me that between 1983 and 1988, he purchased a parcel of vacant lot in Palisades County Estates located in Palisades Highlands, and in 1990 and 1991, we constructed a 5,300 square foot five-bedroom four and a half bathroom Residence on the property, with a six-car garage. Upon completion of the Residence, we obtained homeowners insurance from State Farm, | 3. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 15, 16, 17, 21, 23, 24, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | that has been in force ever since. | | statements and/or documents, and these statements are irrelevant. Fed. R. Evid. 602 and 402. |
| 4. | On July 27, 2015, I left our Residence at about 8:15 A.M. and came home shortly after Noon. Upon entering our Residence, I heard a loud whistling noise and observed water pouring down through the ceilings from the second floor and water on the first floor that was several inches deep. I immediately went upstairs, discovered that a toilet hose in the upstairs bathroom had burst, causing water to flow at high pressure out of the burst hose, and I observed water several inches deep on a substantial portion of the second floor. I was able to stop the flow with the shut-off valve under the toilet, and I immediately called our regular plumber, Mosser Plumbing, who arrived within the hour. Upon investigating the problem, our plumber, Mark McEwen, determined that the pressure regulator outside the Residence, that was designed to reduce the water pressure from 200 psi at the street to 80 | 4. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence. Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents. Fed. R. Evid. 602. |

84031448v1

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| psi in the Residence, had failed and was allowing water into the Residence at 150 psi. Mark then shut off the water at the street, replaced the pressure regulator, replaced the burst hose, tested all of the other toilet hoses in the Residence, and he replaced another one that appeared to be about to burst. | | |
| 5. My husband came home within a half-hour of receiving a call from me concerning the flood, and he called our insurance agent in the Palisades, Rich Festa Insurance ("Festa"). At the instruction of Festa, he contacted Rainbow Restorations (Rainbow"), a company experienced in the removal of flood water and water-damaged property, and he immediately called the phone number for reporting claims, given to him by Festa, and filed a claim with State Farm. A number of employees from Rainbow arrived at our Residence by mid-afternoon and began the process of assessing the damage and commencing the clean-up. The supervisor for Rainbow, Sarkis Hakopian ("Hakopian"), | 5. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and these statements are irrelevant.  Fed. R. Evid. 602 and 402. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| directed his crew to begin vacuuming up the water and removing the water-soaked carpet and drywall, while Hakopian used a moisture meter throughout the affected areas, to determine the extent of the water intrusion into the ceilings, walls, cabinets, carpets, furniture, electronics, floors and subfloors. | | |
| 6. In addition to removing the several inches of water that had accumulated on the first and second floors, Rainbow's employees then started removing the water-soaked carpeting and started sealing off the damaged rooms with plastic sheeting, to restrict the use of those rooms. Rainbow then set a date to commence the demolition process, that would require the walls and ceilings to be stripped to the studs, all carpets and some of the hardwood floor to be removed and to strip most of the floors down to the concrete by the removal of the plywood subfloors that were completely soaked and could not be salvaged. | 6. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and these statements are irrelevant.  Fed. R. Evid. 602 and 402. |
| 7. Rainbow also started the pack-out of our furniture in all of the rooms that had | 7. | State Farm objects in that Robyn Fuchs' statement lacks foundation, |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| suffered water damage, so that the carpets and hardwood could be removed. However, I did not trust Rainbow with our expensive artwork and other valuables in the rooms that suffered water damage, so I moved all of the artwork and valuables into our dining room, which rendered it unusable, and I wrapped the artwork in towels to protect it from the moisture and construction dust. | | is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs has provided no evidence of these alleged statements or denials made by State Farm's claim representative.  Fed. R. Evid. 602 and 901. |
| 8. | My husband then contacted Gary Silverston ("Silverston"), the general contractor who built our Residence 25 years ago, who came to the Residence that evening or the next day, to give my husband his opinion on the extent of the damage and the required repairs. Silverston advised us that mold can form very quickly, and he referred us to Mold USA, a company in Marina del Rey that provides mold testing. | 8. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and these statements are irrelevant.  Fed. R. Evid. 602 and 402. |
| 9. | I then contacted Jackie Resnick at Mold USA that day, and she advised us to stop | 9. | State Farm objects in that Robyn Fuchs' statement lacks foundation, |

| EVIDENCE | BASIS FOR OBJECTION |
|---|---|
| all demolition until the entire Residence could be tested for mold. Mold USA arrived on August 4th, tested for the presence of mold and discovered that mold had already formed as a result of the massive amounts of water inside the ceilings, walls and carpets. Mold USA again instructed us not to do any more demolition of the damaged property until the mold was remediated, to prevent the mold from circulating throughout the Residence, so I asked Rainbow to stop the demolition work for the time being. | is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and these statements are irrelevant.  Fed. R. Evid. 602 and 402. |
| 10. At about that time, I spoke with Mike Shinovich ("Shinovich"), who I thought was a State Farm claims adjuster. I have since learned that he is not a State Farm employee, that he was not a licensed claims adjuster, that he is referred to as a "claims handler," and that he only has authority for handling claims up to $10,000. Shinovich came to our Residence the day after the Flood and spent most of his time measuring the rooms that had suffered water damage, rather than actually inspecting the | 10. State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 8, 14, 15, 21, and 30 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of these alleged statements or denials made |

| EVIDENCE | BASIS FOR OBJECTION |
|---|---|
| Residence to determine the extent of the damage. At that time, I advised Shinovich that I was not comfortable with Rainbow, because its employees were being careless with our hardwood floors by not protecting them as they brought in their equipment and were taping plastic sheets to painted surfaces, which I knew would cause damage when the tape was removed. Shinovich advised me that we could hire whoever we wanted to hire to do the demolition and reconstruction work, so we decided to terminate Rainbow's services. | by State Farm's claim representative.  Fed. R. Evid. 602 and 901. |
| 11. At the recommendation of Mold USA, we contacted CKJ Environmental ("CKJ"), to remediate the mold, but State Farm refused to approve CKJ to do the work, because State Farm stated that their bid was too high. Instead, the State Farm adjuster, Tim Cross, instructed my husband to hire Service Masters to remediate the mold, to do all the demolition of the water damaged walls, floors, subfloors and ceilings and to do the reconstruction, asserting that Service | 11. State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 8, and 15 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; and Exhibit 31 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | Masters could do the work for less. My husband contacted Service Masters, and they came to our house to inspect the damage and provide an estimate for the demolition and reconstruction work. Based on the express instructions from State Farm, and because State Farm refused to approve CKJ to do the mold remediation, we decided to retain Service Masters to do the mold remediation, and the demolition and reconstruction work, not realizing that State Farm uses special software to calculate the cost of repair, with little consideration for the value or quality of the home. Service Masters then set a date to start the remediation, and by the beginning of September, Service Masters had completed the mold remediation and commenced the demolition of the water-damaged walls, ceilings, floors, subfloors and other property. | | these statements and/or documents, and has provided no evidence of these alleged statements or denials made by State Farm's claim representative. Fed. R. Evid. 602 and 901. |
| 12. | Service Masters continued the process of sealing off the damaged rooms with plastic sheeting, to restrict the use of those rooms, while walls and ceilings | 12. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence. Fed. R. Evid. 802 and |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | were stripped to the studs, all remaining water-soaked carpets and some of the hardwood floor were removed and most of the floors were stripped down to the concrete by the removal of the plywood subfloors that were completely soaked and could not be salvaged. Service Masters also installed some large and very noisy dehumidifiers to remove all of the moisture that was still in the air | | 901; see also Exhibits 2, 3, 4, 6, 8, 9, 10, 14, and 18 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ.  In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of these alleged statements or denials made by State Farm's claim representative.  Fed. R. Evid. 602 and 901. |
| 13. | Because we could not afford to move out of our Residence while the work was being done, and because State Farm neither suggested that we move out nor agreed to pay alternative living expenses, we were forced to live in a construction zone for more than four months, from the end of July through August, September, October, November and part of December, except for about two weeks when we went on a pre-paid vacation in October. During this period, at least half of our Residence was sealed off with plastic and rendered completely | 13. | State Farm objects in that John Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see Exhibits 2, 3, 6, 14, 18, and 25 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, or denials made by State Farm's |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | uninhabitable, because there were no carpets, floors, walls, ceilings or furniture, and most of our personal property had been removed from all of the rooms that were uninhabitable, such as books, photographs, CD's, DVD's, video tapes and record albums, either to be discarded if the property could not be salvaged, or to be placed in other rooms where the property could dry out. | | claim representative or by Plaintiffs.  Fed. R. Evid. 602 and 901. |
| 14. | Also, because our cats and their food and supplies had been located in the water-damaged area of our home, we had to relocate the cats to the undamaged portion of the second floor, and for almost the entire period from July 27th through mid-November, we were forced to live in four rooms on the second floor of our Residence, consisting of the master bedroom, master sitting room, master bathroom and guest bedroom, because at least half of our house was uninhabitable, as it was sealed off with plastic, and several remaining rooms were filed with personal property that had to be relocated from the water- | 14. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 6, 7, 14, 15, 16, 17, 18, 21, 23, 24, 25, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | damaged areas. | | alleged statements, claims, or denials made by State Farm's claim representatives.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701. |
| 15. | The plastic sheeting, however, did not prevent the construction dust, debris and chemical fumes from circulating throughout the Residence, because there were as many as 20 workers in our house on many of the days during August, September and early October, who were moving themselves and their equipment into and out of the construction zones numerous times per day, by zipping and unzipping the plastic sheeting. Unfortunately for us, the hallway that suffered the worst of the damage and had to be sealed off with plastic at both ends, was the only route to our garage, so every day, and sometimes several times a day, we had to unzip the plastic at one end, step through the plastic, zip it up on the other side, pass through the construction zone, unzip the plastic at the | 15. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 6, 7, 14, 15, 16, 17, 18, 21, 23, 24, 25, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, or denials made by State Farm's claim representatives.  Fed. R. Evid. 602 and 901.  Further, it |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | other end, step through the plastic and re-zip it up after passing through.  It was a complete pain in the neck to say the least. | | constitutes improper opinion evidence.  Fed. R. Evid. 701. |
| 16. | Within a few days, however, we realized that the Service Masters' bid that was approved by State Farm, did not include the cost of a full-time construction supervisor. Instead, Service Masters' employees were dropped off at our Residence with instructions for the work to be performed that day, and the supervisor who gave the instructions, rarely stayed for more than a half-hour or so. Because there was no one assigned to make sure that the undamaged portions of our house were properly protected during the four and half month construction process and to protect our personal property and the contents of our house, and because there were questions arising almost constantly, regarding the demolition and reconstruction, and because we noted a number of mistakes that were made as a result of the lack of supervision, the task of construction supervisor had to be done primarily by | 16. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 6, 7, 14, 15, 16, 17, 18, 21, 23, 24, 25, 26, and 27 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ.  In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, admissions, or denials made by State Farm's claim representatives.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| | me, to ensure that our Residence was properly reconstructed back to the condition it was in before the flood and that the undamaged portions were protected, while my husband had to run his law firm and was in a lengthy jury trial, during this difficult period. | |
| 17. | As a result, over the four month period from the end of July through November, I was forced to spend 319 hours of my time, to supervise Service Masters' workers and subcontractors, and to protect and watch over our valuable personal property, and my husband was required to spend at least 70 hours of his time, supervising the work and watching over our property, on the days when I was unavailable. I explained to the second or third State Farm on-site claims handler, who I have since learned was named Andrew Meyer and who came to our house in October to observe the water damage to the laundry room, how much time my husband and I had to spend to do the supervision work that we thought Service Masters was supposed to | 17. State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, 13, 14, 15, 16, 17, 18, 21, 23, 24, 26, 27, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, admissions, or denials made by State Farm's claim representatives. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | perform. Acting on behalf of State Farm, Meyer specifically advised me to file a claim with State Farm for compensation for this time spent supervising the workers over a four and a half months, which we have done. | | Fed. R. Evid. 602 and 901. |
| 18. | From the day of the flood on July 27th, I began taking photographs and making entries into my calendar book that I use to keep track of appointments and other engagements, of the tasks that needed to be performed, the people who were in our home, what they were doing and the time I was spending to supervise the work. I also compiled a summary of my time and the tasks I was performing, through mid-November, and the total time added up to 319 hours.  Later, and again based on the express instructions by State Farm's on-site claims handler, Meyer, to file a claim for the time my husband and I spent as construction supervisors, we submitted copies of my calendar entries, a copy of my summary of the work being done and copies of notes that I had made in January and | 18. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, 13, 14, 15, 16, 17, 18, 21, 23, 24, 26, 27, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, |

| EVIDENCE | BASIS FOR OBJECTION |
|---|---|
| February with respect to sanding and refinishing of the hardwood floors. Attached hereto as Exhibit A are true and correct copies of pages from my calendar book in which I contemporaneously recorded the tasks I was supervising from July 27, 2015 through part of November. Attached hereto as Exhibit B are true and correct copies of my summaries of the time I spent and the tasks I was performing as a construction supervisor during the period from July 27, 2015 through part of November. Attached hereto as Exhibit C are true and correct copies of two pages of my notes regarding the refinishing of the hardwood floors and the tasks remaining to be done, such as the complete cleaning of the house, in February 2016. | admissions, or denials made by State Farm's claim representatives. Fed. R. Evid. 602 and 901.<br><br>State Farm objects to Exhibit A, B, and C in that they are irrelevant, lack foundation, and are hearsay. Fed. R. Evid. 401, 802 and 901. Further, State Farm objects to Exhibit A and B in that they are not authenticated and cannot be authenticated because Plaintiffs will not produce her for deposition. |
| 19. Although we filed a claim with State Farm last December, for 319 hours for my time and effort in supervising the workers from Service Masters, at $75 per hour, for a claim of $23,925, this figure only represents my actual supervisory time, plus the time to supervise other | 19. State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, 13, 14, 15, 16, 17, 18, 21, 23, 24, 25, 26, 27, 28, and 29 to the |

| EVIDENCE | BASIS FOR OBJECTION |
|---|---|
| contractors and vendors for work that Service Masters was not competent or qualified to do, including demolition, framing work, hardwood floor replacement and refinishing, installation of new carpeting, replacement of the water heater, and the laundry room repairs. In addition, I spent several hours with Victoria Montana, our interior designer, discussing and selecting replacement furniture, fabrics, pillows, pillow coverings, draperies and the replacement of other personal property that was destroyed by the water. I also spent considerable time with Mickey Lee from Allbright Window and Floor Coverings ("Allbright"), discussing the hardwood floor replacement and refinishing and discussing the replacement of the water-damaged draperies. I estimate that I have spent at least 50 more hours since last December, trying to make sure that our Residence is returned to the condition that it was before the flood, notwithstanding State Farm's refusal to pay us for our valid | Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence of any alleged statements, claims, admissions, or denials made by State Farm's claim representatives. Fed. R. Evid. 602 and 901. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| | claims. | |
| 20. | For example, because Service Masters could not match our hardwood floor that had to be replaced in the bar area, we hired Allbright to replace the damaged hardwood floor. In September 2015, we met with Mickey Lee ("Mr. Lee") of Allbright to discuss the refinishing of the hardwood, and he determined that all of the hardwood on the first floor had to be sanded and refinished, for two specific reasons. First, Mr. Lee advised us, there had been so much water and moisture in the floors, subfloors, carpets and in the air from the flood, that much of the hardwood floor on the first floor was "cupped," meaning that the edges of each board were raised and the floor was no longer flat and even. Second, when then new maple flooring in the bar area was sanded and varnished, as it had to be to seal the flooring from moisture, the color and surface finish would not match the hardwood floor elsewhere in our Residence, which was about 15 to 20 feet away from the bar area and clearly | 20. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence. Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 21, 23, 24, 25, 26, 27, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 33 and 34 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ. In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations. Fed. R. Evid. 602 and 901. |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | visible from the bar area. | | |
| 21. | Thus, based on Mr. Lee's expert opinion, we agreed to have all of the hardwood on the first floor of our Residence sanded and varnished. Mr. Lee recommended that we move out of the house for the whole process, which he estimated would take six days, because it is impossible to enter or leave our Residence without stepping on hardwood. Because by this time we had paid or incurred at least $50,000 in expenses for the real and personal property damage claims that State Farm had refused to pay, we were trying to limit our out-of-pocket expenses, even though we believed that State Farm would reimburse us for these costs, so we planned to spend the nights in our house while the sanding was being done, even though we could not use our kitchen and had to eat out each day, and to move out for only the three days while the floors were being varnished, particularly because the toxic fumes generated by that process made the entire Residence uninhabitable. | 21. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 33 and 34 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| 22. | However, that process actually required us to be out of the Residence for four days, because the floor required three coats of varnish and we could not return until the last coat was fully dry. Also, because we have two cats, we had to board our cats during this process, and because one of our cats is diabetic and requires an insulin shot every 12 hours, we had to board them at a facility that had medical technicians who could administer the insulin shots. We chose VCA in West Los Angeles, where our veterinarian is located. We kept all of our receipts and have long since submitted them to State Farm, but State Farm has neither paid nor denied this claim for our alternative living expenses. | 22. State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, 13, 15, 16, 17, 21, 23, 24, 26, 27, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 33 and 34 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, Robyn Fuchs lacks personal knowledge of these statements and/or documents, and has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |
| 23. | Anyone who has experienced the sort of massive and catastrophic Flood that we experienced, then had to live in a construction project for the better part of eight months, often with plastic sheeting | 23. State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 3, 6, 9, 14, |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| sealing off numerous rooms in the house and otherwise making half the house uninhabitable, and then had to deal with an insurer who simply stopped communicating with us and refused to pay or deny more than $150,000 in absolutely legitimate claims for covered losses, would easily understand the significant emotional distress suffered by my husband and me for an entire year or more, causing anxiety, mental anguish, sleeplessness and worry, as well as physical distress, that cannot be quantified. | | and 18 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibit 37 and 38, RJN.  In addition, Robyn Fuchs has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |
| 24. | Then, beginning on January 1st, I became ill for a long period of time, with a severe cough and what I thought was bronchitis and sinusitis. After visits to two doctors and receiving prescriptions for antibiotics, for what the doctors also believed was bronchitis and sinusitis, my condition briefly improved by late February, and then came back in March but improved by April. When my illness returned in May, and this time caused the lymph nodes on the left side of my neck | 24. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2 and 3 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| to swell up and become very painful, I contacted an ear, nose and throat specialist, who determined that it was not the result of a sinus infection. | | in support of Plaintiffs' MSJ.  In addition, Robyn Fuchs has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701. |
| 25. | He referred me to an immunologist, who performed a series of very painful allergy tests, along with blood tests, and he determined that the recurring illnesses over the prior six months was the result of serious weaknesses in my immune system, due to a bacterial infection that was highly resistant to antibiotics. After discussing with the immunologist that we had been living in a construction project for nearly six months in 2015, and that I had been forced to breathe mold, construction dust, chemical and paint fumes and other airborne particles generated in a construction project, he concluded that whatever I had been breathing and living in had attacked and weakened my immune system, or | 25. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2 and 3 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibit 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, Robyn Fuchs has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  Further, it |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| contributed to my illness and made my illness worse. After I was given a pneumococcus vaccine to strengthen my immune system, I had more blood tests, which indicated my immune system was recovering, but there was a possibility of other issues in my blood and with my kidneys that required me to be seen by a hematologist. | | constitutes improper opinion evidence. Fed. R. Evid. 701. |
| 26. | I was able to get an appointment with a few days with a good friend of ours who is an oncologist and hematologist at Cedars Sinai, Dr. Barry Rosenbloom, and after more blood tests and urine tests, Dr. Rosenbloom concluded that the potential issues identified by the immunologist, were negative. Although I am no longer as ill as I was for the first half of 2016, I continue to still have a cough and be very tired and unable to do all of the tasks I had previously done, because of low energy, but I have been advised that these symptoms will mostly be alleviated in time and that I should be fully recovered by the end of this year, provided that I get the vaccine, a flu shot | 26. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence. Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, and 6 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ. In addition, Robyn Fuchs has provided no evidence to support Plaintiff's assumptions and baseless accusations. Fed. R. |

| EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|
| and a pneumonia shot annually. | | Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701. |
| 27. We have not yet received all of the medical bills for the five doctors that I saw between February and July, but with all of the tests that were performed, we estimate that the medical bills will easily exceed $5,000. | 27. | State Farm objects in that Robyn Fuchs' statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, and 4 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 34 and 35 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, Robyn Fuchs has provided no evidence to support Plaintiff's assumptions and baseless accusations.  Fed. R. Evid. 602 and 901.  Further, it constitutes improper opinion evidence.  Fed. R. Evid. 701. |

**DECLARATION OF MICKEY LEE AND STATE FARM'S OBJECTIONS**

| EVIDENCE | BASIS FOR OBJECTION |
|---|---|
| 1. Sometime in early September 2015, I was referred to John and Robyn Fuchs by Victoria Montana, a long-time client of mine for whom I have done a number of projects involving floors and window coverings. I went to their home in Pacific Palisades and observed the damage to the hardwood floors from the flood they had experienced in late July. I was told that the contractor doing much of the reconstruction work was unable to match the maple hardwood floor in their residence, but we were able to do so. I observed that the hardwood floor in their bar area was completely saturated with water and would have to be replaced. | 1. State Farm objects in that Mickey Lee's statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 32 and 33 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, Mickey Lee has provided no evidence to support these assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |
| 2. I also observed that as a result of the flood that covered much of the first floor of their residence, where the rest | 2. State Farm objects in that Mickey Lee's statement lacks foundation, is hearsay, and misstates the |

| EVIDENCE | BASIS FOR OBJECTION |
|---|---|
| of their hardwood floor was installed, the edges of the individual boards had "cupped," which means that the floor was no longer flat. Thus occurs when the floor gets wet or when there is so much moisture in the air, that each board expands outward and pushes against the adjoining boards. The result of this is that the edges of each board become raised. I also observed that as a result of natural aging and exposure to sunlight, the color of the remainder of the existing hardwood floor was darker than it was when originally installed, and it would have been impossible for us to match the color of the existing hardwood floors when we refinished the new flooring in the bar area. | evidence. Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 32 and 33 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ. In addition, Mickey Lee has provided no evidence to support these assumptions and baseless accusations. Fed. R. Evid. 602 and 901. |
| 3. I therefore advised John and Robyn Fuchs that in order to properly repair and refinish the floor that had been damaged by the flood, and particularly because of the value of their home, it would be necessary to refinish all of the hardwood floor, so that the remainder of | 3. State Farm objects in that Mickey Lee's statement lacks foundation, is hearsay, and misstates the evidence. Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, and 28 to the Declaration of Michael Shinovich filed in |

84031448v1

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | the hardwood floor was flat and the color of all of the floors would match.  I gave John and Robyn an estimate dated September 14, 2015, for $6,867, to replace the bar area floor with new maple flooring and to refinish all of the hardwood on the first floor.  I was paid a 50% deposit, as we require, so that I could purchase the new flooring and bring it to their house, so that the new flooring would be acclimated to the temperature and humidity before being installed. | | support of State Farm's MSJ; Exhibits 32 and 33 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, Mickey Lee has provided no evidence to support these assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |
| 4. | We replaced the bar area flooring in October or November, but we had to wait until all of the other construction was done before being sanded and refinished, so that there was no construction dust in the air that could settle on the wet varnish.  I originally estimated that it would be take six days to sand and varnish the floors, and I suggested that John and Robyn move out for the entire period of time that the work was being done, because it was | 4. | State Farm objects in that Mickey Lee's statement lacks foundation, is hearsay, and misstates the evidence.  Fed. R. Evid. 802 and 901; see also Exhibits 2, 3, 4, 6, 9, 10, and 28 to the Declaration of Michael Shinovich filed in support of State Farm's MSJ; Exhibits 32 and 33 to the Declaration of Valerie Rojas filed in support of State Farm's MSJ; and Exhibits 6 and 9 to the |

84031448v1

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | impossible to them to enter or exit their residence without stepping on at least a portion of the hardwood floor.  Also, because they have two cats, we advised Robyn and John that they would have to board their cats while the floors were being refinished, because of the noise from the sanders, the dust in the air and the three coats of wet varnish that we had to apply. | | Declaration of John R. Fuchs filed in support of Plaintiffs' MSJ.  In addition, Mickey Lee has provided no evidence to support these assumptions and baseless accusations.  Fed. R. Evid. 602 and 901. |
| 5. | We scheduled the sanding and refinishing for the end of January 2016, starting with the sanding on January 27th, and all of the work was done by February 2nd, which is when I believe they moved back into their home. | 5. | State Farm objects in that Mickey Lee's statement lacks foundation and is hearsay.  In addition, Mickey Lee has provided no evidence to support these assumptions.  Fed. R. Evid. 602 and 901. |

## PLAINTIFFS' EXHIBITS AND STATE FARM'S OBJECTIONS

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| 1. | Exhibit 5 to the Declaration of John Fuchs, copy of CKJ's bid for mold remediation | 1. | State Farm objects to Exhibit 5 in that it is irrelevant, lacks foundation, is hearsay, lacks personal knowledge, and is |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | | | improper opinion evidence. Fed. R. Evid. 401, 802, 901, 602, and 701. |
| 2. | Exhibit 8 to the Declaration of John Fuchs, photo of Plaintiff's sofa taken a year before the Flood | 2. | State Farm objects to Exhibit 8 in that it is irrelevant and lacks foundation. Fed. R. Evid. 401 and 802. In addition, it was never produced by Plaintiff during discovery, and therefore has not been properly authenticated. |
| 3. | Exhibit 9 to the Declaration of John Fuchs, copy of Wayfair's website of the comparable replacement sofa | 3. | State Farm objects to Exhibit 9 in that it is irrelevant and lacks foundation. Fed. R. Evid. 401 and 802. In addition, it was never produced by Plaintiff during discovery, and therefore has not been properly authenticated. |
| 4. | Exhibit 10 to the Declaration of John Fuchs, photo of the replacement sofa, pillows and cocktail table delivered and installed in in July 2016. | 4. | State Farm objects to Exhibit 10 in that it is irrelevant and lacks foundation. Fed. R. Evid. 401 and 802. In addition, it was never produced by Plaintiff during discovery. |
| 5. | Exhibit A of the Declaration of Robyn | 5. | State Farm objects to Exhibit A in |

| | EVIDENCE | | BASIS FOR OBJECTION |
|---|---|---|---|
| | Fuchs, copies of pages from Plaintiff's calendar book | | that it is irrelevant, lacks foundation, and is hearsay. Fed. R. Evid. 401, 802 and 901. Further, it is not authenticated and cannot be authenticated because Plaintiffs will not produce Robyn Fuchs for deposition. |
| 6. | Exhibit B of the Declaration of Robyn Fuchs, copies of Plaintiff's summaries of the time during the period from July 27, 2015 through part of November | 6. | State Farm objects to Exhibit B in that it is irrelevant, lacks foundation, and is hearsay. Fed. R. Evid. 401, 802 and 901. Further, it is not authenticated and cannot be authenticated because Plaintiffs will not produce Robyn Fuchs for deposition. |
| 7. | Exhibit C of the Declaration of Robyn Fuchs, copies of pages of Plaintiff's notes dated February 2016. | 7. | State Farm objects to Exhibit C in that it is irrelevant, lacks foundation, and is hearsay. Fed. R. Evid. 401, 802 and 901.  Further, it is not authenticated and cannot be authenticated because Plaintiffs will not produce Robyn Fuchs for deposition. |

1

## **<u>REQUEST TO STRIKE</u>**

2

3      State Farm moves to strike the cited portions of the Declarations of John R.

4  Fuchs, Robyn R. Fuchs, and Mickey Lee, as noted above, as improper and

5  inadmissible evidence for the reasons stated above.  The opinions, unsupported, and

6  inadmissible statements of John R. Fuchs and Robyn R. Fuchs should be stricken as

7  they lack foundation and completely misstate the evidence.  For the foregoing

8  reasons stated above, State Farm respectfully requests that this Court strike the cited

9  portions of these Declarations.

10  Dated:  December 5, 2016          SEDGWICK LLP

11

12                                      By: /s/*Valerie D. Rojas*
                                           Valerie D. Rojas
13                                         Andrea J. Giovannone
                                           Attorneys for Defendant STATE FARM
14                                         GENERAL INSURANCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28