**SEDGWICK LLP**
Valerie D. Rojas (State Bar No. 180041)
*valerie.rojas@sedgwicklaw.com*
Andrea J. Giovannone (State Bar No. 287358)
*andrea.giovannone@sedgwicklaw.com*
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Telephone: 213.426.6900
Facsimile: 877.547.6580

Attorneys for Defendant STATE FARM
GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. FUCHS, an individual, and ROBYN R. FUCHS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:16-cv-01844-BRO-GJS<br><br>**STATE FARM GENERAL INSURANCE COMPANY'S; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO MODIFY AND CONFIRM APPRAISAL AWARD**<br><br>[Filed Concurrently with Notice of Motion; Declaration of Andrea J. Giovannone and [Proposed] Order]<br><br>Judge: Honorable Beverly O'Connell<br>Date: May 1, 2017<br>Time: 1:30 p.m. |

I. **INTRODUCTION AND SUMMARY OF ARGUMENT**

State Farm General Insurance Company ("State Farm") issued Homeowner's Policy No. 71-K0-2941-9 (the "Policy") with effective dates July 15, 2015 to July 15, 2016 to plaintiffs John R. Fuchs and Robyn R. Fuchs' ("plaintiffs"). On July 27, 2015, plaintiffs' property suffered a water loss and plaintiffs subsequently filed a claim with State Farm. On October 17, 2016, State Farm filed a Motion to Compel Appraisal and to Dismiss or Stay the Action.[1] On November 14, 2016, this Court ordered the parties to submit to the appraisal process. See Declaration of Andrea J. Giovannone ("Giovannone Decl."), Ex. 1, Court's November 14, 2016 Order.

On March 6, 2017, the Umpire served the Appraisal Award on all parties. See Giovannone Decl., Ex. 2, Appraisal Award. The Appraisal Award included the following qualification: "This award is made without consideration to any deductible amount, policy limits, co-insurance, previously paid funds, causation, coverage or other provisions, of the referenced insurance policy which might affect the amount of the Insurer's liability thereunder." See Giovannone Decl., Ex. 2, Appraisal Award, p. 3. The Appraisal Award set forth replacement cost values for damage to plaintiffs' property totaling $69,606.82 based upon the following: (1)

---

[1] The Policy contains the following appraisal clause, under Section I, Conditions:

Appraisal

In case you and we shall fail to agree as to the actual cash value or the amount of loss, then, on the written request of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of the request. Where the request is accepted, the appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon the umpire, then, on your or our request, the umpire shall be selected by a judge of a court of record in the state in which the property covered is located.

Appraisal proceedings are informal unless you and we mutually agree otherwise. For purposes of this section, "informal" means that no formal discovery shall be conducted, including depositions, interrogatories, requests for admission, or other forms of formal civil discovery, no formal rules of evidence shall be applied, and no court reporter shall be used for the proceedings.

The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with us shall determine the amount of actual cash value and loss.

Each appraiser shall be paid by the party selecting him or her and the expenses of appraisal and umpire shall be paid by the parties equally. See Shinovich Declaration, Ex. 2, Policy.

1

furniture = $35,517.87; (2) water heater and dry wall = $3,455.87; (3) hardwood floor, except for the bar area, = $5,419.73; (4) additional living expenses = $3,904.79; and (5) electronics = $21,308.56 (although plaintiffs have not actually replaced their electronics).  See Giovannone Decl., Ex. 2, Appraisal Award.

As required by the Policy, State Farm made numerous payments to plaintiffs for the actual cash value of personal property damaged from the July 2015 water loss totaling $4,517.18 and therefore, the Appraisal Award must be reduced by this amount.  See Declaration of Michael Shinovich in support of State Farm's Motion for Summary Judgment ("Motion") and State Farm's Opposition to plaintiffs' Motion for Partial Summary Judgment ("Opposition") ("Shinovich Decl."), Ex. 16, State Farm's Summary of Loss dated 12/22/15.  In particular, State Farm made payments for the actual cash value of electronics and furniture that were the subject of appraisal, including $2,616.00 for the sectional sofa, $87.20 for the pillows, $436.00 for the oversized chair, $980.35 for the Sony 70-inch TV, $130.80 for the Denon AV Surround Receiver, $65.40 for the Pioneer Elite CD Player, $29.43 for the Sony DVD Player, $63.00 for the Pioneer Turntable, $21.80 for the Sony VHS Player, and $87.20 for the Nakamichi Cassette Deck.  See Shinovich Decl., Ex. 13, State Farm's Personal Property Payment Worksheet; and Exs. 17, 21, 26 and 27, State Farm's Payment Summary, Payment Letters, and Checks.  Therefore, without consideration of any coverage issues, the Appraisal Award must be reduced by the actual cash value paid by State Farm, resulting in a net award of $65,089.64 ($69,606.82 - $4,517.18).

Pursuant to the Policy, State Farm intends to issue one check to plaintiffs and their mortgage companies in the amount of $8,875.60, which includes payment for damage to the remainder of the hardwood floor, the water heater, and the surrounding dry wall[2], and a second check only to plaintiffs in the amount of

---

[2] The Policy contains the following Mortgage Clause, under Section I, Conditions, Provision 10, subsection

$56,214.04, which includes the unpaid personal property damage and plaintiffs' additional living expenses.  See Giovannone Decl., Ex. 3, State Farm's Letter to plaintiffs.  As such, while reserving all rights and coverage defenses, State Farm moves to modify and confirm the Appraisal Award.

## II.   ARGUMENT

### A.   The Law Supports Confirmation of the Appraisal Award

The Federal Arbitration Act ("FAA") applies to appraisal awards.  *Relentless, LLC v. Basin Marine, Inc.*, No. 10-1794 DOC VBKX, 2011 WL 2682691, at *1 (C.D. Cal. July 8, 2011) (citing *Louise Gardens of Encino Homeowners' Ass'n Inc. v. Truck Ins. Exch., Inc.*, 82 Cal. App. 4th 648, 658 (Cal. App. Ct. 2000) (an agreement to conduct an appraisal contained in an insurance policy is binding, and considered in the same way as an arbitration clause).  Unless the contract specifies otherwise, the FAA provides that the award is presumed valid with respect to valuation of damages only (not liability) unless there is a legal basis to vacate the award for reasons set forth in 9 U.S.C.A. §9.  See 9 U.S.C.A. §9; *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat. Ass'n as Tr. for Trust No. 1*, 218 F.3d 1085 (9th Cir. 2000); *Spine Surgery, Inc. ex rel. Odor v. Sands Bros., Inc.*, 393 F.Supp.2d 1138 (W.D.Okla.2005) (court required to grant motion to confirm award absent basis for vacating, modifying, or correcting award).

According to the FAA, the only grounds to vacate an award are when: (1) the award was procured by corruption, fraud, or undue means; (2) there are evident partiality or corruption in the arbitrator(s); (3) the arbitrators are guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the

---

a: "If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear.  If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages."  See Shinovich Declaration, Ex. 2, State Farm's Homeowner's Policy

84491580v1

3

arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award was not made.  See 9 U.S.C.A. §10.  None of these grounds exist here, and therefore, State Farm respectfully requests that the Appraisal Award be modified to deduct the Actual Cash Value State Farm previously paid, and confirmed.

Additionally, California Code Civ. Proc. § 1286.2 applies to appraisal awards and dictates the grounds for setting aside an award, which includes procurement of the award by corruption, fraud, or other undue means, corruption of the appraisers, lack of neutrality of the appraisers leading to prejudice, and issuing an award that exceeds the appraisers' powers.  See Cal. Code Civ. Proc. §§ 1286.2, 1280.1, and 1280(a) (Cal. Code Civ. Proc. § 1280(a) defines "agreement" to include "agreements providing for valuations, *appraisals*, and similar proceedings …"); see also, *Louise Gardens of Encino Homeowners' Ass'n. Inc. v. Truck Ins. Exch.*, 82 Cal.App.4th 648, 658 (2000) (Appraisals are a form of arbitration); *Lambert v. Carneghi*, 158 Cal.App.4th 1120, 1129 (2008); *Devonwood Condominium Owners Ass'n v. Farmers Ins. Exch.*, 162 Cal.App.4th 1498, 1505 (2008); *Moncharsh*, 3 Cal.4th at 25.

Public policy favors finality in arbitration awards.  *Dornbirer v. Kaiser Foundation Health Plan, Inc.*, 166 Cal.App.4th 831, 839 (2008).  "There is a presumption favoring the validity of the award, and [the party challenging the award] bears the burden of establishing [a] claim of invalidity."  *Betz v. Pankow*, 16 Cal.App.4th 919, 923 (1993).  A party seeking to vacate an award has the burden of producing evidence that demonstrates both a statutory ground for vacating the award, and substantial prejudice.  *United Brotherhood of Carpenters & Joiners v. DeMello*, 22 Cal.App.3d 838, 840 (1972).  Plaintiffs cannot meet this burden, and therefore, California law also supports confirmation of the Appraisal Award.

### B.     Appraisal Award Is Only a Determination of Value, Not Liability

The Appraisal Award determines the value of the items that were subject to

the appraisal.  However, it does not make any determinations regarding coverage issues, causation issues, policy interpretation, applicable deductibles, previous amounts paid, etc.  See *Devonwood Condominium Owners Ass'n v. Farmers Ins. Exchange* (2008) 162 Cal.App.4th 1498, 77 Cal.Rptr.3d 88; see also *Lee v. California Capital Ins. Co.* (2015) 237 Cal.App.4th 1154, 1174, 188 Cal.Rptr.3d 753 ("[p]lainly, it is more efficient to value all items of loss, including disputed items, at the time an appraisal is performed.  If it is determined there is no coverage for certain items, those items can simply be struck from the award . . .").

In *Devonwood Condominium Owners Assoc. v. Farmers Ins. Exchange*, the Court confirmed that "a judgment after confirmation of an appraisal award fixing the cash value of loss does not preclude further litigation on other issues between parties to an insurance policy." *Devonwood Condominium Owners Assoc. v. Farmers Ins. Exchange* (2008) 162 Cal.App.4th 1498, 1507, fn. 4.  The California Court of Appeals held that the insured was not entitled to a judgment because the appraisal award itself does not determine issues aside from valuation, such as liability.  *Id.* at 1506-1507.  Thus, an appraisal award is not a determination of the insurer's liability to pay, but only a determination of value.

### C. State Farm Reserves Its Rights to Challenge Its Liability for the Award

Should plaintiffs oppose this Motion, State Farm reserves its rights to challenge its liability for any items contained within the Appraisal Award.  For example, under the Policy plaintiffs are not entitled to any funds for the replacement cost value for the electronics as plaintiffs have not replaced them.  Also, plaintiffs' claim for the replacement cost value of their furniture is barred by plaintiffs' failure to comply with the Policy's condition precedent in failing to submit all evidence supporting plaintiffs' claim before filing suit.  Additionally, plaintiffs failed to satisfy the Policy's condition precedent by failing to allow State Farm to inspect the allegedly damaged water heater before disposing of it.

## D. State Farm Must Make the Check for Property Damage Payable to Plaintiffs and Their Mortgagees

Pursuant to the Policy, State Farm intends to issue the check for damage to plaintiffs' dwelling to both plaintiffs and their mortgage companies in the amount of $8,875.60, which includes payment for damage to the remainder of the hardwood floor, the water heater, and the surrounding dry wall. See Giovannone Decl., Ex. 3, State Farm's Letter to plaintiffs. Under the Policy, State Farm must include the mortgagees named in the Policy on any payments made for the dwelling under Coverage A. See Shinovich Declaration, Ex. 2, Policy, Section I – Conditions, Provision 10 - Mortgage Clause, Subsection a[3]; and Form 438BFU NS – Lenders Loss Payable Endorsement. State Farm expects that plaintiffs will claim their mortgage companies should not be included on the first check, arguing that the hardwood floor, water heater, and dry wall are not a part of the dwelling under Coverage A. However, under the Policy the term "dwelling" includes all structures attached to the dwelling and foundation, floor slab and footings supporting the dwelling. See Shinovich Declaration, Ex. 2, Policy, Section I – Coverages, Coverage A – Dwelling. In fact, the Policy explicitly states that personal property under Coverage B does not include structures "permanently attached to or otherwise forming a part of the realty." See Shinovich Declaration, Ex. 2, Policy, Section I – Coverages, Coverage B – Personal Property. Since the hardwood floor, the water heater, and the dry wall are attached to the dwelling and/or form a part of the realty, it is clear that payment for these items is being made under Coverage A, which requires payment be made to both the lenders and plaintiffs. See Shinovich Declaration, Ex. 2, Policy, Section I – Conditions, Provision 10, subsection a.

---

[3] The Policy contains the following Mortgage Clause, under Section I, Conditions, Provision 10, subsection a: "If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages." See Shinovich Declaration, Ex. 2, State Farm's Homeowner's Policy

## III. CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this Court modify (to deduct the Actual Cash Value State Farm previously paid) and confirm the Appraisal Award.

DATED: March 30, 2017          SEDGWICK LLP

By: /s/ *Valerie D. Rojas*
    Valerie D. Rojas
    Michael R. Davisson
    Andrea J. Giovannone
    Attorneys for Defendant STATE FARM GENERAL INSURANCE COMPANY