**COZEN O'CONNOR**
Valerie D. Rojas (State Bar No. 180041)
*vrojas@cozen.com*
Andrea J. Giovannone (State Bar No. 287358)
*agiovannone@cozen.com*
601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017-5556
Telephone:  213.892.7900
Facsimile:   213.892.7999

Attorneys for Defendant STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. FUCHS, an individual, and ROBYN R. FUCHS, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | CASE NO.  2:16-cv-01844-BRO-GJS<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO MODIFY AND CONFIRM THE APPRAISAL AWARD**<br><br>Judge:  Honorable Beverly O'Connell<br>Date:  May 1, 2017<br>Time:  1:30 p.m. |

Defendant State Farm General Insurance Company ("State Farm") submits the following Memorandum of Points and Authorities in reply to plaintiffs John R. Fuchs and Robyn R. Fuchs' ("plaintiffs") opposition/response to State Farm's Motion to Modify and Confirm the Appraisal Award.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATE FARM PAID MORE THAN WHAT IT OWED RENDERING PLAINTIFFS' BREACH OF CONTRACT CLAIM MOOT

Between July 27, 2015 when plaintiffs John R. Fuchs and Robyn R. Fuchs' ("plaintiffs") property suffered a water loss and February 7, 2016 when plaintiffs' prematurely filed this lawsuit, State Farm General Insurance Company ("State Farm") paid insurance benefits totaling $74,204.72 for damages resulting from the water loss. See, Docket Nos. 41 and 63-1, Declaration of Michael Shinovich in support of State Farm's Motion for Summary Judgment ("Motion") and State Farm's Opposition to plaintiffs' Motion for Partial Summary Judgment ("Opposition") ("Shinovich Decl."), Ex. 16, State Farm's Summary of Loss dated 12/22/15, and Ex. 17, State Farm's Payment Summary. Nonetheless, plaintiffs' contend that State Farm acted in bad faith in declining to pay for repairs to property that was not damaged from the July 2015 water loss, for alleged damages which were unsupported by any documentation, for the replacement cost value of items that plaintiffs' even admit have not yet been replaced, and for damages which were not reported to State Farm before this lawsuit. On October 24, 2016, State Farm moved for summary judgment based on the fact that State Farm paid what it owed under the Policy. See, Docket No. 40, State Farm's Motion.

On January 3, 2017, this Court granted State Farm's motion for summary judgment with regard to six of plaintiffs' claims under the first cause of action (namely, mold remediation expense, laundry room expense, supervision expense, cost to repair the damaged shear wall, plaintiffs' emotional distress expenses, and Robyn Fuchs' medical expenses), as well as plaintiffs' second cause of action for breach of the implied covenant of good faith and fair dealing ("bad faith"), and punitive damages. See, Docket No. 92. The Court reserved its ruling on the furniture and electronics expenses as there were both coverage and valuation issues, at least some of which would depend on the results of the ongoing

appraisal, and denied summary judgment as to the water heater and hardwood floor expenses determining that both involved material disputes of fact. See Docket No. 92. Plaintiffs then filed a motion, under Federal Rule of Civil Procedure ("FRCP") 60(b), for reconsideration of the Court's Order granting summary judgment in favor of State Farm with regard to plaintiffs' second cause of action for bad faith. See, Docket No. 118. On March 6, 2017, the Court denied plaintiff's motion to review, vacate, modify, and/or correct its prior Order granting summary adjudication in favor of State Farm. See, Docket No. 145.

After receipt of the Appraisal Award on March 6, 2017, State Farm determined the amount of the actual cash value previously paid by State Farm for the electronics and furniture that were subject to the appraisal, reduced the appraisal award by the amount already paid, and, although State Farm continues to dispute its liability for any additional payments, State Farm agreed to and did in fact pay plaintiffs the replacement cost value set forth in the appraisal award. See, Docket Nos. 159-2, Ex. 2, Policy, and 165, Ex. A.

Moreover, it is undisputed that under the Policy, until the insured replaces the lost personal property, State Farm will pay only the actual cash value. See, Docket Nos. 41 and 63-1, Shinovich Decl., Ex. 2, State Farm's Homeowner's Policy ("Policy") at SF 0037 ("until repair or replacement is completed, we will pay only the cost to repair or replace less depreciation", i.e. the actual cash value). It is also undisputed that plaintiffs have not yet replaced their electronics as required by the Policy. See, Docket No. 59 at p. 18. As such, even assuming *arguendo* that plaintiffs complied with the Policy and that there are no coverage disputes regarding the remaining items at issue in this litigation (there are)[1], State

---

[1] For example, with respect to the water heater and related damage, plaintiffs failed to comply with the Policy's condition precedent by failing to allow State Farm to inspect the allegedly damaged water heater before disposing of it; with respect to the furniture damage, plaintiffs did not satisfy the Policy's condition precedent when it filed this lawsuit before submitting all evidence to support plaintiffs' claim; with respect to the electronics damage, plaintiffs are not entitled to any funds for the replacement cost value as plaintiffs have not yet replaced these items; etc.

Farm has now paid more than what it owes under the Policy at this time by at least $18,517.63, i.e., electronics replacement cost value from the Appraisal Award not yet owed ($21,308.56) minus the actual cash value of the electronics from the Appraisal Award ($2,790.93). See, Docket No. 159-2, Ex. 2.

Therefore, State Farm's additional payments to plaintiffs pursuant to the Appraisal Award served on March 6, 2017, which included the replacement cost value of all remaining issues in this case, renders all claims still at issue from plaintiffs' complaint moot (i.e. plaintiffs' cause of action for breach of contract). See *Allen v. Amica Mut. Ins. Co.*, No. 1-12-CV-49-ODE, 2013 WL 11927705, *6 (N.D. Ga. Feb. 28, 2013).

## II. PLAINTIFFS' HAVE NOT BEEN PREJUDICED BY STATE FARM'S PAYMENT OF THE APPRAISAL AWARD

Plaintiffs complain about a delay in receiving payment of the Appraisal Award. However, plaintiffs can point to no prejudice as a result. Additionally, plaintiffs' complaints of any delay are disingenuous given plaintiffs' delays in the appraisal. In particular, this Court ordered the appraisal to be completed within forty-five (45) days, i.e., December 29, 2016, but due to plaintiffs' delays (in not retaining their appraiser, not producing documents for their appraisers review, delaying the site inspection, etc.)[2], the appraisal was not completed until March 3, 2017.

Further, State Farm made every attempt to comply with this Court's March 27, 2017 Order to deliver payment of the Appraisal Award to plaintiffs by Friday, March 31, 2017. See, Declaration of Taylor Van Loon ("Van Loon Decl."), ¶¶ 1-5. Unfortunately, due to an unforeseeable mishap, plaintiffs received the checks on Tuesday, April 4, 2017. The alleged two business day delay in delivery of the checks on April 4, 2017 is immaterial and did not prejudice plaintiffs in any way, as they themselves have already delayed the appraisal for months, in direct

---

[2] See, Docket Nos. 77, 77-1, and 135, McConihay Declaration, Ex. A

- 4 -

violation of this Court's November 14, 2016 and December 19, 2016 Orders. See, Docket Nos. 77, 77-1, and 135, McConihay Declaration, Ex. A (for example, plaintiffs' appraiser, Gidon Vardi, stated plaintiffs still had not retained him or provided him with documents almost one month after the Court's November 14, 2016 Order).

## III. THE APPRAISAL AWARD CLEARLY DOES NOT ACCOUNT FOR ANY PREVIOUSLY PAID FUNDS

Plaintiffs ask this Court to assume that the appraisers and umpire have taken the actual cash value into consideration when issuing the Appraisal Award. See, Docket No. 164, p. 4-5. However, this is unsupported by any evidence. This assumption is also contrary to the face of the award, which explicitly states that, "[t]his award is made without consideration to any deductible amount, policy limits, co-insurance, previously paid funds, causation, coverage or other provisions, of the referenced insurance policy which might affect the amount of the Insurer's liability thereunder." See, Docket No. 159-2, Ex. 2, Appraisal Award, p. 3. Moreover, the parties' appraisers and the umpire were given copies of all documents produced in this litigation for their review during the appraisal process, in addition to conducting a site inspection. Plaintiffs' assumption that both appraisers and the umpire relied on a letter from Mr. Fuchs misrepresenting the total actual cash value paid by State Farm, rather than any admissible evidence of the actual amounts paid from State Farm's claim documents, and then they deducted a portion of the actual cash value from only one section of the award while specifically denying doing so is an illogical conclusion.

Aside from their erroneous contention that the actual cash value for the furniture has been deducted twice, against all evidence to the contrary, plaintiffs do not oppose State Farm's motion to modify and confirm the appraisal award. See, Docket No. 164, 4:25-26. As such, State Farm respectfully requests that this Court modify and confirm the Appraisal Award.

### IV. STATE FARM IS ENTITLED TO JUDGMENT IN ITS FAVOR

Plaintiff cannot prove that State Farm breached the insurance contract, that any alleged breach is the cause of plaintiffs' alleged damage, or that plaintiffs have suffered any damages – they have been overpaid. When discovery during this litigation revealed that plaintiffs dispute State Farm's valuation of the amount of loss, and contend that additional amounts are owed, State Farm participated in the appraisal process, as required by the Policy. Further, when the Appraisal Award was issued, State Farm moved to modify and confirm the Award, and made additional payments to plaintiffs for the replacement cost value determined by the appraisers, even though under the Policy State Farm has no obligation to pay for the replacement cost value of items plaintiffs have not yet replaced, and coverage defenses bar plaintiffs' claims.

Because it is undisputed that State Farm paid plaintiffs pursuant to the Appraisal Award for all outstanding items at issue in this litigation, plaintiffs' sole remaining claim against State Farm for breach of contract fails as a matter of law. See *Allen v. Amica Mut. Ins. Co.*, No. 1-12-CV-49-ODE, 2013 WL 11927705, *6 (N.D. Ga. Feb. 28, 2013). Therefore, State Farm respectfully requests that this Court enter judgment in favor of State Farm, or allow State Farm to file a motion for summary judgment. See *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) ("We adopt the sound view, expressed by several of those circuits, that a successive motion for summary judgment is particularly appropriate on an expanded factual record."); *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir.2000) ("District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought."); *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir.1995) (*per curiam*) ("A renewed or successive summary judgment motion is appropriate especially if ... [there is] the availability of new evidence or an expanded factual record ...." (internal quotation marks omitted)).

## V. CONCLUSION

Based on the foregoing, as well as all moving papers and exhibits referenced in support of State Farm's Motion, State Farm respectfully requests that the Court modify (to deduct the Actual Cash Value State Farm previously paid) and confirm the Appraisal Award. State Farm further requests that judgment be entered in its favor or that it be permitted to bring a motion for summary judgment based upon new facts and evidence.

DATED: April 13, 2017  SEDGWICK LLP

By: /s/ *Valerie D. Rojas*
Valerie D. Rojas
Michael R. Davisson
Andrea J. Giovannone
Attorneys for Defendant STATE FARM GENERAL INSURANCE COMPANY