LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01844-BRO-GJS | Date | April 27, 2017 |
|---|---|---|---|
| Title | JOHN R. FUCHS ET AL. V. STATE FARM GENERAL INSURANCE COMPANY | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Cheryl Wynn | Not Present | N/A |
| Relief Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER RE DEFENDANT'S MOTION TO MODIFY AND CONFIRM APPRAISAL AWARD**
**[159]**

## I. INTRODUCTION

Pending before the Court is Defendant State Farm General Insurance Company's ("Defendant" or "State Farm") Motion to Modify and Confirm Appraisal Award. (Dkt. No. 159 ("Motion" or "Mot.").) After considering the papers filed in support of and in opposition to the instant Motion, the Court finds this matter to be appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Defendant's Motion.

## II. BACKGROUND[1]

Plaintiffs John R. Fuchs and Robyn Fuchs ("Plaintiffs") filed their original complaint in this action (the "Action") in the Superior Court of the State of California, County of Los Angeles, West District ("Los Angeles Superior Court") on February 11, 2016, alleging two causes of action: (1) Breach of contract[2]; and, (2) Breach of the

---

[1] The parties are referred to this Court's Motion for Summary Judgment Order for a detailed review of this Action's factual background. (*See* Dkt. No. 91 ("Summary Judgment Order").)

[2] Plaintiffs claim Defendant breached a homeowners' insurance policy (the "Insurance Policy" or "Policy") by failing to reimburse the following amounts:

Case 2:16-cv-01844-RGK-GJS Document 168 Filed 04/27/17 Page 2 of 8 Page ID #:5648

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01844-BRO-GJS | Date | April 27, 2017 |
|---|---|---|---|
| Title | JOHN R. FUCHS ET AL. V. STATE FARM GENERAL INSURANCE COMPANY | | |

covenant of good faith and fair dealing. (*See* Compl.) Defendant answered the Complaint on March 16, 2016, raising twenty-five affirmative defenses. (Dkt. No. 1-2 ("Answer").) On March 17, 2016, Defendant removed the Action to this Court. (*See* Dkt. No. 1 ("Removal").)

Then, on October 13, 2016, Plaintiffs filed a Motion for Summary Judgment as to First Cause of Action for Breach of Contract. (*See* Dkt. No. 25.) Before opposing Plaintiffs' Motion, Defendant filed a Motion to Compel Appraisal and Motion to Dismiss or Stay the proceedings on October 17, 2016. (Dkt. No. 32 (the "Appraisal Motion").) Subsequently, on October 24, 2016, Defendant filed its Motion for Summary Judgment. (*See* Dkt. No. 40 (the "Summary Judgment Motion").) The Court granted in part Defendant's Motion to Compel Appraisal on November 14, 2016. (Dkt. No. 55 ("Appraisal Order").) The Court held a hearing with respect to the parties' cross-motions

---

(1) $5,419.73 for additional costs of replacing and refinishing hardwood floor allegedly damaged in the flood, and additional framing costs to repair damage to a shear wall (the "Hardwood Expense");

(2) $2,579.56 for the repair of the water damage to the laundry room (the "Laundry Room Expense");

(3) $55,425 for 319 hours and 70 hours of supervision of the work by Robyn Fuchs and John Fuchs, respectively (the "Supervision Expense");

(4) $3,904.79 for alternative living expenses incurred when Plaintiffs moved out of the Residence for four days while the hardwood floors were refinished (the "Alternative Living Expense");

(5) $41,030.87 for a large sectional sofa, drapery fabrics, and other furniture items that were damaged beyond repair in the flood (the "Furniture Expense");

(6) $5,239.35 for the failure of the water heater and related damage to the drywall and water heater pedestal (the "Water Heater Expense");

(7) $48,629.83 for replacement costs of a large-screen television and related electronics that were damaged beyond repair by water (the "Electronics Expense"); and,

(8) $100,000 for Mrs. Fuchs's medical bills allegedly incurred due to exposure to mold, construction dust, toxins, and fumes that circulated throughout the Residence, "pick up" items that the contractors failed to finish, and emotional distress suffered by Plaintiffs (the "Miscellaneous Expenses"). (*See* Summary Judgment Order at 4–5.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01844-BRO-GJS | Date | April 27, 2017 |
|---|---|---|---|
| Title | JOHN R. FUCHS ET AL. V. STATE FARM GENERAL INSURANCE COMPANY | | |

for summary adjudication on December 19, 2016. (*See* Dkt. No. 73.) The Court ruled on the parties' cross-motions for summary adjudication on January 3, 2017. (*See* Summary Judgment Order.)

In the Summary Judgment Order, the Court ruled that Defendant was entitled to judgment as a matter of law with respect to: (1) the Mold Remediation Expense, Laundry Room Expense, Supervision Expense, the cost to repair to the damaged shear wall, and Robyn Fuchs's medical expenses; and, (2) Plaintiffs' second cause of action for breach of the covenant of good faith and fair dealing. (*See* Summary Judgment Order at 41.)

On January 23, 2017, Plaintiffs sought reconsideration of the Summary Judgment Order. (Dkt. No. 118.) The Court denied Plaintiffs' motion for reconsideration on March 6, 2017. (Dkt. No. 145.) On March 8, 2017, Plaintiffs filed a Notice of Filing of Appraisal Award, (*see* Dkt. No. 146), and attached the Appraisal Award, (*see* Dkt. No. 146, Ex. 1 ("Appraisal Award")). Then, on March 30, 2017, Defendant filed the instant Motion to Modify and Confirm Appraisal Award. (*See* Mot.) Plaintiffs filed their Response to the Motion to Modify and Confirm Appraisal Award on April 7, 2017. (Dkt. No. 164 ("Response").) On April 10, 2017, Plaintiffs filed a Supplemental Response to State Farm's Motion to Modify and Confirm Appraisal Award. (Dkt. No. 165 ("Supp. Response").) On April 13, 2017, Defendant replied in Support of its Motion. (Dkt. No. 166 ("Reply").) Lastly, on April 21, 2017, Plaintiffs filed a Second Supplemental Response to State Farm's Motion. (Dkt. No. 167 ("Second Supp. Response").)

## III.   LEGAL STANDARD

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, ("FAA") applies to appraisal awards. *Relentless, LLC v. Basin Marine, Inc.*, No. 10-1794 DOC VBKX, 2011 WL 2682691, at *1 (C.D. Cal. July 8, 2011) (citing *Louise Gardens of Encino Homeowners' Ass'n Inc. v. Truck Ins. Exch., Inc.*, 82 Cal. App. 4th 648, 658 (Cal. Ct. App. 2000). The proceeding to confirm an arbitration award is intended to be summary. *See Northrop Corp. v. Triad Int'l Marketing S.A.*, 842 F.2d 1154, 1157, n.7 (9th Cir. 1988). Unless the contract specifies otherwise, the FAA provides that the award is presumed valid with respect to valuation of damages only (not liability) unless there is a legal basis to vacate the award for reasons set forth in 9 U.S.C. §9. *See* 9 U.S.C. §9; *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat. Ass'n as Tr. for Trust No. 1*, 218 F.3d 1085 (9th Cir. 2000); *Spine*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01844-BRO-GJS | Date | April 27, 2017 |
|---|---|---|---|
| Title | JOHN R. FUCHS ET AL. V. STATE FARM GENERAL INSURANCE COMPANY | | |

*Surgery, Inc. ex rel. Odor v. Sands Bros., Inc.*, 393 F. Supp. 2d 1138 (W.D. Okla. 2005) (court required to grant motion to confirm award absent basis for vacating, modifying, or correcting award). If a party seeks a judicial order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

The FAA "gives federal courts only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) (citing *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc)). Sections 1 through 16 of the FAA enumerate limited grounds upon which a federal court may vacate, modify or correct an arbitral award. *See* 9 U.S.C. §§ 1–16. Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Kyocera Corp. v. Prudential–Bache T Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "An arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard for law." *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003); *see also Todd Shipyards Corp. v. Cunard Line*, 943 F.2d 1056, 1060 (9th Cir. 1991).

Under Section 11 of the FAA, a court may modify or correct an arbitration award under the following circumstances: "(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[]; (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[]; [and,] (c) Where the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. If one of the above circumstances occurs, the court "may modify and correct the award, so as to effect the intent thereof and promote justice between the parties." *See id.*

Therefore, the federal district court's role in an arbitration confirmation proceeding is severely limited, and for the most part, the court defers to the arbitrator's determination of the award. Furthermore, "[a] claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrator's act." *Ficek v. S. Pac. Co.*, 338 F.2d 655, 657 (9th Cir.

| Case No. | CV 16-01844-BRO-GJS | Date | April 27, 2017 |
|---|---|---|---|
| Title | JOHN R. FUCHS ET AL. V. STATE FARM GENERAL INSURANCE COMPANY | | |

1964), *cert. denied,* 380 U.S. 988 (1965); *see also Carpenters 46 N. Cal. Counties Conference Bd. v. Icon Builders*, 96 F.3d 410, 415 (9th Cir. 1996).

## IV. DISCUSSION

### A. Modification of the Appraisal Award is Appropriate and Necessary to Promote Justice Between the Parties

Defendant explains that "[a]s required by the Policy, State Farm made numerous payments to [P]laintiffs for the actual cash value of personal property damaged from the July 2015 water loss totaling $4,517.18 and therefore, the Appraisal Award must be reduced by this amount." (Mot. at 2.) Plaintiffs respond that they "accept the amounts with one exception." (Response at 4.) According to Plaintiffs, the appraisers and umpire took the actual cash value of the replacement furniture into consideration when issuing the Appraisal Award, and thus, the Court should not reduce the Appraisal Award by $4,517.18, but instead disallow State Farm's requested "second deduction of $3,139.20" and order State Farm to "provide an additional check to Plaintiffs within 48 hours, in the amount of $3,139.20." (*See* Response at 4–5.)

Defendant's declarations and exhibits attached in support of its Opposition to Plaintiffs' Summary Judgment Motion, (*see* Dkt. No. 63), demonstrate that State Farm has already made payments for the actual cash value of certain property valued in the Appraisal Award.[3] And no evidence supports Plaintiffs' claim that the Appraisers took actual cash value into consideration in issuing the Appraisal Award. In fact, the Appraisal Award's express language contradicts Plaintiffs' position: the Appraisal Award was "made without consideration to any deductible amount, policy limits, co-insurance, previously paid funds, causation, coverage or other provisions, of the referenced

---

[3] State Farm made payments for the actual cash value of electronics and furniture that were the subject of appraisal, including $2,616.00 for the sectional sofa, $87.20 for the pillows, $436.00 for the oversized chair, $980.35 for the Sony 70-inch TV, $130.80 for the Denon AV Surround Receiver, $65.40 for the Pioneer Elite CD Player, $29.43 for the Sony DVD Player, $63.00 for the Pioneer Turntable, $21.80 for the Sony VHS Player, and $87.20 for the Nakamichi Cassette Deck. (*See* Dkt. Nos. 61-3; 61-6; 63-24; 63-29; 63-30.)

Case 2:16-cv-01844-RGK-GJS Document 168 Filed 04/27/17 Page 6 of 8 Page ID #:5652

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01844-BRO-GJS | Date | April 27, 2017 |
|---|---|---|---|
| Title | JOHN R. FUCHS ET AL. V. STATE FARM GENERAL INSURANCE COMPANY | | |

insurance policy which might affect the amount of the Insurer's liability thereunder." (*See* Appraisal Award at 3.)

Based upon the foregoing, the Court finds that appropriate grounds for modification exist under Section 11. This Court may modify the Appraisal Award "[w]here the [Appraisal] [A]ward is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(c). In light of the Appraisers express acknowledgment that the Appraisal Award was made without consideration to "previously paid funds" or "coverage," it is proper to take State Farm's previous payments into account at this time in determining the amount to which Plaintiffs are entitled. Accordingly, the Court rules that the Appraisal Award must be reduced by $4,517.18, which represents the sum State Farm has previously paid to Plaintiffs as reimbursement for the actual cash value of Plaintiffs' electronics and furniture. The Court modifies the Award accordingly, because such a modification "effect[s] the intent [of the Appraisal Award] and promote[s] justice between the parties." *See* 9 U.S.C. § 11.

### B. Plaintiffs' Requests for Sanctions

A party seeking sanctions against its counterparty must separately move for sanctions. *See* Fed. R. Civ. P. 11; *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1988); *UBS Fin. Servs., Inc. v. Riley*, No. 11-CV-2042-L-RBB, 2012 WL 1831720, at *4 (S.D. Cal. May 18, 2012). Plaintiffs request that the Court sanction Defendant in the amount of $4,517.18 for Defendant's failure to comply with this Court's order regarding the delivery of checks by March 31, 2017. (*See* Supp. Response at 5 ("Plaintiffs ask this Court to make it clear that parties are required to comply with its Orders, by imposing sanctions and/or a penalty on State Farm at least equal to the amount State Farm has deducted from the Award, $4,517.18, as compensation to the Plaintiffs for the intentional delay in delivering these checks, one of which was misdated and could not be negotiated."); *see also* Second Supp. Response ("Plaintiffs again request that State Farm should be required to pay the difference between the appraisal award, $69,606.82, and the amount actually paid, $65,089.64, which is $4,517.18, as a sanction for its refusal to comply with this Court's Order.").) The Court declines to impose sanctions of its own accord in this instance. And Plaintiffs did not separately move for sanctions. Accordingly, the Court will not impose sanctions in the amount of $4,517.18 upon Defendant.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01844-BRO-GJS | Date | April 27, 2017 |
|---|---|---|---|
| Title | JOHN R. FUCHS ET AL. V. STATE FARM GENERAL INSURANCE COMPANY | | |

### C. Defendant's Request for Judgment

In the Summary Judgment Order, the Court ruled that Defendant was entitled to summary adjudication with respect to (1) the Mold Remediation Expense, Laundry Room Expense, Supervision Expense, the cost to repair to the damaged shear wall, Plaintiffs' emotional distress expenses, and Robyn Fuchs's medical expenses; (2) Plaintiffs' second cause of action for breach of the covenant of good faith and fair dealing; and, (3) Plaintiffs' claim for punitive damages. (*See* Summary Judgment Order at 41.) Accordingly, only Plaintiffs' breach of contract claim premised upon the Furniture Expense, Electronics Expense, Water Heater Expense, Hardwood Expense, and Alternative Living Expense remains to be adjudicated. The Appraisal Award conclusively sets the value of previously disputed amounts owed with respect to each of these remaining issues.

In Reply, Defendant argues that "State Farm has now paid more than what it owes under the Policy at this time by at least $18,517.63, i.e., electronics replacement cost value from the Appraisal Award not yet owed ($21,308.56) minus the actual cash value of the electronics from the Appraisal Award ($2,790.93)." (*See* Reply at 3–4.) On that ground, Defendant claims that its additional payments "render[] all claims still at issue from [P]laintiffs' complaint moot (i.e. [P]laintiffs' cause of action for breach of contract)." (Reply at 4.) "Because it is undisputed that State Farm paid [P]laintiffs pursuant to the Appraisal Award for all outstanding items at issue in this litigation, [P]laintiffs' sole remaining claim against State Farm for breach of contract fails as a matter of law." (Reply at 6 (citing *Allen v. Amica Mut. Ins. Co.*, No. 1-12-CV-49-ODE, 2013 WL 11927705, *6 (N.D. Ga. Feb. 28, 2013)).) For these reasons, Defendant urges the Court to "enter judgment in favor of State Farm, or allow State Farm to file a motion for summary judgment." (*Id.*) In light of the foregoing, Plaintiffs are hereby **ORDERED** to show cause as to why this Court should not enter judgment in favor of Defendant with respect to Plaintiffs' remaining breach of contract cause of action. Plaintiffs' response to this Order to Show Cause is due by **Friday, May 5, 2017, at 12:00 p.m.**

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01844-BRO-GJS | Date | April 27, 2017 |
|---|---|---|---|
| Title | JOHN R. FUCHS ET AL. V. STATE FARM GENERAL INSURANCE COMPANY | | |

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. The Appraisal Award is hereby **REDUCED** by $4,517.18 and **CONFIRMED** in the amount of $65,089.64. The Court hereby **VACATES** the hearing set for May 1, 2017. Plaintiffs' response to the Court's Order to Show Cause is due by **Friday, May 5, 2017, at 12:00 p.m.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | cw |