**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN R. FUCHS; ROBYN R. FUCHS, | No. 17-56182 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-01844-BRO-GJS |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and CHRISTENSEN,**
Chief District Judge.

Plaintiffs John R. and Robyn R. Fuchs ("Fuchses") appeal from the district court's orders granting summary judgment to Defendant State Farm General Insurance Company ("State Farm"), entering judgment in favor of State Farm, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

denying their motion for reconsideration.  As the parties are familiar with the facts, we do not recount them here.  We affirm.

    1.  State Farm was entitled to summary judgment on the Fuchses' claim for breach of the covenant of good faith and fair dealing.  Under California law, when an insurer raises genuine issues concerning its liability under the policy, "there can be no bad faith liability imposed on the insurer for advancing its side of that dispute."  *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 347 (2001).  Moreover, "a court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable . . . so long as there existed a genuine issue as [to] the insurer's liability."  *Franceschi v. Am. Motorists Ins. Co.*, 852 F.2d 1217, 1220 (9th Cir. 1988) (applying California law).[1]

    2.  This court reviews a district court's denial of a motion for reconsideration brought under Federal Rule of Civil Procedure 60(b) for an abuse of discretion and "will reverse 'only upon a clear showing of abuse of discretion.'"  *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (quoting *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989)).  First, the Fuchses claim they are entitled to reconsideration because they were mistaken that State Farm would carry

---

[1] Although the Fuchses also nominally appealed summary judgment of their punitive damages claim, they have failed to advance any argument to support an assignment of error and, consequently, this court refrains from addressing this issue.

out its contractual obligations in good faith. This argument is untenable in light of the fact that the Fuchses sued State Farm for bad faith. A party's regret is not the type of "mistake" that provides relief under Rule 60(b)(1). *See Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986))). Second, the Fuchses claim they were entitled to reconsideration because State Farm obtained summary judgment by either failing to present deposition testimony or presenting fabricated evidence to support its case. However, the Fuchses were present during the subject depositions and their allegations of fabrication are unsupported. As a result, the Fuchses have failed to make the clear showing of abuse of discretion required for them to succeed.

    3. Finally, the Fuchses claim they were the prevailing party in the underlying action entitling them to recover fees and costs. A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). A material alteration of a legal relationship occurs when "'the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (quoting *Farrar*, 506 U.S. at

113). The district court did not grant any form of relief to the Fuchses. The Fuchses claim that they are the prevailing party because the district court confirmed the modified appraisal award which was then paid by State Farm. However, because the appraisal award in this case merely determined the value of loss without determining liability or coverage, the district court's "statutory authority was limited to the issuance of a judgment which brought finality to the dollar amount of the replacement cost values, and nothing more." *Devonwood Condo. Owners Ass'n v. Farmers Ins. Exch.*, 162 Cal. App. 4th 1498, 1507 (2008). Consequently, State Farm was not obligated to pay the appraisal award and its decision to do so was voluntary. "[L]itigants are not prevailing parties based on the 'catalyst theory,' i.e., when 'the lawsuit brought about a voluntary change in the defendant's conduct.'" *Klein v. City of Laguna Beach*, 810 F.3d 693, 701 n.8 (9th Cir. 2016) (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 601 (2001)). In the absence of damages, the Fuchses could not prove an essential element of their claim for breach of contract thus warranting summary judgment on that claim and entry of judgment in favor of State Farm.

**AFFIRMED.**